## DELIA J. PAINE *vs.* EPHRAIM W. FARR.

Suffolk.   Nov. 14, 1874. — June 23, 1875.   WELLS & DEVENS, JJ., absent.

An officer who has made an attachment of personal property on mesne process, which is afterwards released, and has made no return of the writ into court, may, in an action against him for the attachment, prove a settlement by the parties by which the property was to be restored and the writ not returned.

In an action of tort against an officer for forcibly entering the plaintiff's house, removing furniture therefrom, and assaulting the plaintiff, the plaintiff introduced evidence tending to show that she was carrying on the business of a boarding-house on her separate account, and contended that the property attached belonged to her. The defendant introduced evidence that the house in which the business was carried on was hired by the husband, that his name was on the door, that he and their child received their board from the plaintiff for the use of the house; and that a large part of the provisions used were charged to and paid for by him either by his own labor or in cash. The husband and wife were joint defendants in the action in which the attachment was made, and both testified that the husband was paid by the wife the moneys expended by him. The officer also offered in evidence a notice from the husband to him, after the attachment was

made and a keeper put into the house, directing him to remove any property rightfully attached and to take away the keeper, whom he threatened to eject if not removed; that at an interview afterwards had between the husband and the officer, the wife being at the time unable to attend to business on account of illness, a settlement was effected with the consent of the party in whose favor the attachment was made, the keeper withdrawn, and the property restored with the agreement that the writ need not be returned into court. This evidence was excluded by the presiding judge, who ruled that there was no evidence that the plaintiff, or any person authorized by her, agreed to waive the return of the writ. *Held,* that the evidence offered was competent, and that it was a question of fact for the jury whether the husband acted as the wife's agent in the settlement.

An officer, against whom an action is brought for forcibly entering the plaintiff's house and assaulting the plaintiff, may show, in mitigation of damages, but not to prove the entry lawful, that he entered for the purpose of making, and did in fact make, an attachment, although the attachment was unlawful by reason of the writ not having been returned into court.

Tort. The first count of the declaration alleged that the plaintiff was a married woman carrying on the business of a boarding-house keeper on her separate account; that the defendant unlawfully and forcibly entered the said house and seized and took possession of certain articles of furniture which she there had, a portion of which he removed, and kept and detained for the space of ten days, and then returned greatly injured through the defendant's negligence in removing the same; that by reason of such seizure and removal she was injured in her business; and that the defendant, at or about the time of such removal, made a violent assault upon her, greatly injuring her. The defendant's answer contained a general denial, and justified the taking and removal of the goods by virtue of an attachment issued from the Municipal Court of the city of Boston, in favor of William Sheafe against the plaintiff and her husband, John D. Paine, which the defendant served as a constable of the city of Boston. At the trial in the Superior Court, before *Brigham,* C. J., the jury found for the plaintiff, and the defendant alleged exceptions, the substance of which appears in the opinion.

*E. D. Sohier & J. R. M. Squire,* for the defendant.

*E. Avery, (E. H. Pierce* with him,) for the plaintiff.

Endicott, J. Where an officer attempts to justify the seizure of property under mesne process, he must show that he made return of his writ, and did all that the law requires of him to do. If he fails 'n this duty he is a trespasser. *Tubbs* v. *Tukey,* 3 Cush. 438. *Kent* v. *Willey,* 11 Gray, 368, 373. But there are

exceptions to this rule, as when a settlement is made by the parties, and the property restored with an agreement that the writ need not be returned. *Williams* v. *Babbitt*, 14 Gray, 141, 142. And when property attached is surrendered at the request of the defendant, and money substituted therefor as an equivalent, no action will lie against the officer for the original attachment, although the writ is not returned. *Taylor* v. *Knowlton*, 10 Allen, 137.

The defendant, an officer qualified to serve civil process, attached certain property in a house on Dover Street, on a suit in favor of Sheafe against John D. Paine and his wife, the present plaintiff. The property was attached as their property, and a keeper placed in the house. The attachment was afterwards released, but the writ was not returned into court. It was competent for the defendant to prove, in justification of his seizure of the property, that a settlement was made by the parties by which the property was to be restored and the writ not returned.

There had been evidence introduced showing the peculiar relations existing between Paine and his wife in regard to the business carried on in this house. She carried on business as a boarding-house keeper, and contended that the property attached belonged to her. The house was hired and the rent paid by him, his name was on the door, and he and their child received their board from the plaintiff for the use of the house. There was also evidence that a large part of the provisions used in the business was charged to and paid for by him, either by his own labor or by cash. Both testified that he was paid by her the moneys expended by him. Whether he was acting in this business merely as her agent, as contended by her, was in controversy at the trial.

To prove the settlement, the defendant offered a notice from the husband directing him to remove any property rightfully attached, and to take away the keeper, and, failing to do so, he should eject the keeper; that, in consequence of the notice, an interview was had with the husband, the wife being at the time confined to her chamber and unable to attend to business, and with the consent of Sheafe a settlement was effected, the keeper was withdrawn, the property restored, with the agreement that

the writ need not be returned into court. The husband and wife were joint defendants, and the wife, if interested in the property, received the benefit resulting from the release.

Taking into consideration all the circumstances of the case, the fact that the parties were husband and wife, the nature of the action, the condition of the wife at the time, and the relations existing between them in regard to the carrying on of the business, and the use of the property employed therein, we are of opinion that the evidence offered was competent, and it was for the jury to determine whether the husband was acting for the wife as well as for himself in making this settlement in relation to the property employed in the business, and in connection with which he had on other occasions, by her own admission, acted as her agent.

It is also contended by the defendant, that, even if the husband did not act for her as her agent in the settlement, it was competent, in mitigation of damages, to prove that the entry into the house and the taking of the property were under a writ. The first count is for an assault upon the plaintiff, at the time of the unlawful entry, by pushing her and with force entering her chamber, and alleging that in consequence of the unlawful entry, removal and detention of the goods, destruction of her business, and the assault, she became very sick and suffered in body and mind. The motives and circumstances attending an assault, tending to show malice and intent, may be put in evidence, as an aggravation of the sufferings of the party assaulted. *Sampson* v. *Henry*, 11 Pick. 379. While, therefore, the defendant cannot justify, and make his entry lawful, if he fails to show a return of his writ or a settlement and an agreement that he need not return it, he may, to rebut the presumption that he entered with a purpose wantonly to insult and to injure the feelings of the plaintiff, show that he entered for the purpose and did in fact make an attachment. To this extent, and in mitigation of damages only, the evidence was competent. In *Sampson* v. *Henry*, it was held that the circumstance that the defendant entered for the purpose of making an attachment ought not to go in mitigation of damages; but the decision was put on the express ground that the defendant had no legal right to break open a dwelling-house for that purpose, which was in itself an abuse of legal process. In this

case, no such abuse of process in making the entry appears; the entry only became unlawful because a return was not made, and the circumstances of the entry, as bearing on the intent to do injury to the plaintiff's feelings, may be put in evidence.

The question was not raised at the trial, or ruled upon by the court, whether the conduct of the husband, in making the settlement, was competent upon the question whether the wife carried on the business on her sole account, and the house and property therein were hers for that purpose. We have not therefore considered the argument presented on that point by the defendant.

*Exceptions sustained.*