### 22713. BORDERS *v.* THE STATE.

HOOPER, J. 1. Upon the trial of a misdemeanor case in the superior court the defendant is entitled to a full panel of twenty-four competent and impartial jurors from which to strike a jury. Penal Code (1910), § 858.

2. "A juror who has served upon the trial of a person jointly accused with the defendant for the identical offense, involving the same transaction, and has consented to a verdict of guilty against that person, is incompetent to try the defendant, even though the juror states that he has formed no opinion as to the defendant's guilt, and that he can try the case impartially." *McKay* v. *State*, 6 *Ga. App.* 527 (65 S. E. 306), and cit.

3. Where it does not affirmatively appear from the record that the defendant in the trial of a misdemeanor case had exhausted his peremptory challenges at the time the panel of twelve jurors was accepted and sworn, the appellate court will presume that he was not prejudiced by the action of the court in erroneously disallowing his challenge of certain jurors for cause, and will not grant a reversal for the alleged error. See *Faulkner* v. *State*, 166 *Ga.* 645 (6) (144 S. E. 193); *Ford* v. *State*, 12 *Ga. App.* 228 (2) (76 S. E. 1079).

4. The trial judge in this case disallowed defendant's challenge for cause of twelve jurors who had participated in returning a verdict of guilty against one Scott, who was jointly accused in this case with the defendant. It affirmatively appears from the defendant's motion for a new trial that, after the jury was drawn, it contained one of the aforesaid disqualified jurors, but that the defendant had not used two of his peremptory challenges. Under the principle of law announced in headnote 3 above, the defendant was not injured by the ruling of the court for he could have used one of his unused peremptory challenges for the purpose of striking this juror and would then have had one peremptory challenge left.

5. The defendant challenged for cause twelve jurors who had participated in returning a verdict of guilty against one Pressly in a separate and distinct case from the case on trial, on the ground that this defendant was jointly indicted with said Pressly both in the instant case and in the former case. Such jurors not being disqualified as a matter of law, and defendant's counsel having been permitted to put them upon the voir dire, the disallowance of such challenge by the court was not error.

6. The defendant in his statement to the jury admitted possession of the alleged stolen chickens, and admitted that he was in company with one Scott, codefendant, when the latter sold the same to State's witness Toney, and he sought to explain his recent possession. The admission of testimony to the effect that Scott, prior to the time of trial, had stated, not in the presence of this defendant, that the latter was one of two persons who was with him when he sold the chickens, was therefore not harmful to the defendant, as contended in special grounds 2 and 3 of his amended motion for a new trial.

7. The instructions given by the court to the jury as to the weight to be given testimony relating to the commission by the defendant of offenses similar to that charged in this case are not subject to the assignment

of error contained in special ground 4 of the motion for a new trial, to wit, that there was no legal evidence before the jury upon which to predicate such a charge, there being in this record no assignment of error upon the admission of testimony tending to show such other transactions. Neither is such charge of the court subject to the remaining assignment of error made thereon.

8. The evidence showed that the chickens were stolen from the prosecutor on June 6th; the defendant admitted and the proof showed that he was in possession of them on June 7th, and the jury failed to accept the explanation of possession given in his statement on the trial, and failed to find "that his was not a guilty possession." See *Daniel* v. *State*, 65 *Ga.* 199, 200; *Cuthbert* v. *State*, 3 *Ga. App.* 600 (60 S. E. 322), and cit. The evidence, therefore, supports the verdict, and no error of law appearing which requires the grant of a new trial, the motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED DECEMBER 24, 1932.

*Mozley & Gann, H. B. Moss,* for plaintiff in error.
*George D. Anderson, solicitor-general,* contra.