## 45451. WATERS v. THE STATE.

QUILLIAN, Judge. The defendant was charged with possessing an unlawful amount of tax-paid liquor in a "dry" county. He was tried, convicted and sentenced to a 12-month term. The defendant's amended motion for new trial was overruled and appeal was taken to the Supreme Court. That court found that the defendant's attempt to raise a constitutional question was ineffective and transferred the case to this court. *Held:*

1. The defendant contends that the trial judge erred in overruling his motion for continuance based on the ground that the defendant's wife was seriously ill and he needed to take care of her.

The question of granting or denying a continuance is within the sound discretion of the trial judge, which discretion will not be interfered with unless manifestly abused. *Roth v. State,* 70 Ga. App. 93 (27 SE2d 473); *Hyde v. State,* 196 Ga. 475, 479 (26 SE2d 744). The illness of a relative who is not required as a witness does not constitute such a reason as to demand the grant of a continuance. *Williams v. State,* 180 Ga. 595 (1) (180 SE 101).

2. The defendant urges that the trial court erred in overruling his motion to suppress evidence. This is predicated on the fact that the officer executing the search warrant, although signing the return, failed to do so under oath before a proper officer.

We point out that here the motion to suppress was filed after the commencement of the trial. In *Thomas v. State,* 118 Ga. App. 359, 360 (163 SE2d 850), this court held that such motion need not always be made prior to trial and quoted with approval the language in Jones v. United States, 362 U. S. 257, 264 (80 SC 725, 4 LE2d 697, 78 ALR2d 233), that: "the court in its discretion may entertain the motion at the trial or hearing." Thus, subject to control by the appellate courts for abuse, in its discretion, the trial court might decline to entertain a motion to suppress filed after the trial begins. However, here the trial judge apparently did consider the merits since his decision was to overrule the motion and not to dismiss or decline to consider it.

*Code Ann.* § 27-310 (Ga. L. 1966, pp. 567, 570) provides: "A written return of all instruments, articles or things seized shall be made without unnecessary delay before the judicial officer named in the warrant or before any court of competent jurisdiction. An inventory of any instruments, articles or things seized shall be filed with the return and *signed under oath by the officer or person executing the warrant.* The judicial officer or court shall upon request deliver a copy of the inventory to the persons from whom or from whose premises the instruments, articles or things were taken and to the applicant for the warrant." (Emphasis supplied.) Rule 41 of the Rules of Federal Procedure contains substantially the same requirements as those set forth in the quoted Code section. Thus Federal case authority, while not controlling, is persuasive in construing these requirements. *Thomas v. State,* 118 Ga. App. 359, supra.

In Reisgo v. United States, 285 F 740, it was held: "the competency of a warrant to search defendant's premises as evidence against him in a prosecution for unlawfully possessing intoxicating liquor is not affected by the fact that the return was not sworn to." See Evans v. United States, 242 F2d 534, 536; Rose v. United States, 274 F 245, 250; United States v. Kaplan, 286 F 963 (3); United States v. Haskins, 345 F2d 111, 117. Our own law provides: "No warrant shall be quashed nor evidence suppressed because of a technical irregularity not affecting the substantial rights of the accused." *Code Ann.* § 27-312 (Ga. L. 1966, pp. 567, 571).

The record shows that all other requirements of the statute were complied with and the defendant was given a copy of the return and inventory of the property seized. While we do not countenance the failure to comply with the plain provisions of the statute, absent a showing of prejudicial error to the defendant, we hold that in this case the failure to swear to the return before an officer authorized to administer oaths was not such a fatal defect as to vitiate the search warrant. It was not error to overrule the motion to suppress.

3. Error is enumerated on the failure of the trial court to declare a mistrial based on the defendant's contention that his charac-

ter was introduced into evidence by a witness for the State.

As the State witness was relating the circumstances under which he seized the whiskey, the prosecuting attorney asked: "All right, sir, what did you do then?" Answer, "On the—if I'm not mistaken, I could be wrong on this. I called—I'm not sure whether I called the sheriff that particular day or not and Charles—Well, Bob would jump up if I say this. Anyway—." Mr. Oliver: "If it's wrong I will." A. "Well, ah, I'm going to go ahead and say it, Judge—Your Honor. We have several cases against Charles and I—." At this point, counsel for the defendant moved for a mistrial. The court overruled the motion and cautioned the witness, "refrain from those remarks." The witness then in continuing his testimony stated, "I have called before and as I say, he is under bond for prior cases." Counsel for the defendant then objected again. The objection was overruled and the witness again admonished, "refrain from that."

"The general rule is that on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible." *Brown v. State,* 118 Ga. App. 617, 618 (165 SE2d 185). See *Willingham v. State,* 118 Ga. App. 321, 323 (163 SE2d 317); *Bacon v. State,* 209 Ga. 261, 262 (71 SE2d 615). However, the admission of evidence, even if erroneous, is not harmful where substantially similar facts are shown either by the defendant in his unsworn statement or by other evidence, unobjected to. *Borders v. State,* 46 Ga. App. 212 (6) (167 SE 213); *Whitley v. State,* 188 Ga. 177 (3) (3 SE2d 588). It appears that the same witness had previously testified in a similar vein without any objection having been interposed and the defendant, in his unsworn statement, related: "I have sold whiskey, but I wasn't selling whiskey at that time." These recitals were sufficient to render harmless any error that might have been committed in overruling the motion for mistrial. *Williams v. State,* 117 Ga. App. 79 (2) (159 SE2d 454); *Jacobs v. State,* 120 Ga. App. 247 (1) (170 SE2d 36).

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*

SUBMITTED JULY 6, 1970—DECIDED NOVEMBER 13, 1970.

*Robert F. Oliver,* for appellant.
*Nat Hancock, District Attorney,* for appellee.