46536.   WILLIAMS v. THE STATE.

JORDAN, Presiding Judge. The defendant was convicted on a two-count indictment. Count 1 charged him with possession of cocaine. Count 2 charged him with possession of marijuana. The cocaine was recovered at the time or soon after the defendant was arrested. A portion of the marijuana was discovered by a search of the defendant's motel room. The search of the automobile was made without

a warrant after the defendant's arrest. The search of the defendant's motel room was made after a search warrant had been obtained. After having been found guilty on both counts the defendant appealed to this court. *Held:*

1. The defendant filed a motion to suppress and later filed an amendment to the motion prior to the calling of the case and the hearing on the motion. The trial court did not err in overruling the motion to suppress because the defendant was not given an inventory of the articles seized. *Code Ann.* § 27-302 (Ga. L. 1966, pp. 567, 568) relates only to a search without a warrant. In this case a search warrant was obtained for searching the defendant's motel room. While no search warrant was obtained for the search of the automobile, the circumstances under which it originated, i.e., the high speed chase through red lights, during which the officer observed a white powdery substance coming out of the driver's window, and when stopped the defendant appeared intoxicated and threw or dropped a small container to the ground (later found to contain cocaine), authorized a warrantless search of the automobile at that point as well as later. See Chambers v. Maroney, 399 U. S. 42 (90 SC 1975, 26 LE2d 419). The failure to make an inventory, being merely a ministerial act, did not affect the validity of the search and the arrest. "The failure to comply with the requirement . . . as to the filing of a sworn written inventory of property taken in executing a search warrant, does not render the warrant inadmissible in a prosecution for unlawfully possessing intoxicating liquor, since the making and delivery of the inventory was a ministerial act, the omission of which did not affect the validity of the search." Reisgo v. United States, 285 F 740. See also Rose v. United States, 274 F 245; State v. Tillery, 107 Ariz. 34 (481 P2d 271).

2. *Code Ann.* § 27-312 provides that "No warrant shall be quashed nor evidence suppressed because of technical irregularity not affecting the substantial rights of the accused." This statute was cited and applied in the recent

case of *Waters v. State,* 122 Ga. App. 808 (2) (178 SE2d 770).

3. That the making and filing of such an inventory is merely a ministerial act not affecting the substantive rights of an accused is further borne out by the fact that such failure is not a ground for a motion to suppress under the provisions of *Code Ann.* § 27-313.

We have examined the other grounds set forth in the motion to suppress, and under all the facts of this case, find them to be without merit.

4. The remaining enumerations of error have been abandoned or found to be without merit.

*Judgement affirmed. Bell, C. J., Hall, P. J., Eberhardt and Deen, JJ., concur. Pannell, Quillian and Evans, JJ., dissent. Whitman, J., not participating because of illness.*

ARGUED SEPTEMBER 15, 1971—DECIDED NOVEMBER 12, 1971— REHEARING DENIED DECEMBER 10, 1971—

*Joe Salem,* for appellant.

*Lewis R. Slaton, District Attorney, John A. Nuckolls, Joel M. Feldman, Carter Goode,* for appellee.

QUILLIAN, Judge, dissenting. One of the grounds of the motion to suppress was that the defendant was not given an inventory of the articles seized by the search which was made without a warrant. *Code Ann.* § 27-302 (Ga. L. 1966, pp. 567, 568) provides: "An inventory of all instruments, articles or things seized on a search without a warrant shall be given to the person arrested and a copy thereof delivered to the judicial officer before whom the person arrested is taken. If the person arrested is released without a charge being preferred against him all instruments, articles or things seized, other than contraband or stolen property, shall be returned to him upon release." In Murby v. United States, 293 F 849, 852, it was held: "While in this warrant, supra, there is no express direction to the officer to give (or leave) such copy and receipt (plainly the better practice, Giles v. United States [C. C. A.] 284 F 208, 215), there is a

direction to the officer 'to do and report concerning the same as the law directs.' This direction was enough, but the return does not 'report' that the officer did 'as the law directs.' If, in fact, this provision (section 12) was complied with, the return should have shown it—affirmatively. If it was not complied with, the search warrant proceedings were void, and the evidence obtained thereby inadmissible. Paine v. Farr, 118 Mass. 74; Kent v. Willey, 11 Gray (Mass.) 368, 373; Gibson v. Holmes, 78 Vt. 110, 121, 62 A 11, 4 LRA (NS) 451; Turner v. Lowry, 2 Aik. 72, 75; Tubbs v. Tukey, 3 Cush. 438, 440, 50 AD 744."

In the case sub judice no inventory of the goods recovered in the first search was given the defendant as required by statute. Although this may be a technical irregularity, it is of such nature as to affect the defendant's substantial rights. See *Code Ann.* § 27-312 (Ga. L. 1966, pp. 567, 571). Compare *Waters v. State,* 122 Ga. App. 808 (2) (178 SE2d 770).

For the foregoing reasons, I dissent from Division 1 of the majority opinion.

I am authorized to state that Judges Pannell and Evans concur in this dissent.