## 50038. HOLLOWAY v. THE STATE.

PANNELL, Presiding Judge.

The defendant was charged with possessing nontax-paid whiskey. A motion to suppress evidence seized upon a search of the premises described in the search warrant was overruled by the trial judge. The affidavit portion of the search warrant was on a printed form, the italicized portions of which were filled in, as follows:

"State of Georgia:

"County of *Stephens*

"Personally appeared before me, the undersigned, an officer of the State or its political subdivision, who after being duly sworn, deposes and on oath says that he has probable cause to believe that Hughes St. Cafe (has committed a crime against the laws of Georgia) (is presently in the process of committing a crime against the laws of Georgia) and that said accused has in his possession instruments, articles, papers, items, substance, objects, matter or things that constitute tangible evidence of the commission of the crime of *Possessing Illegal Whiskey and Drugs* that said tangible evidence is comprised of *Illegal Whiskey and Drugs* and that said evidence is presently concealed on the person of

the named accused and on the premises, located at *Travel South East on Broad St turn right on Hughes at building being Concrete Block, color red and black located on right side of St, known as Hughes St Cafe.*

"The probable cause on which the belief of the affiant is based is as follows: *I have received information from a reliable informant whom I have known for approx two years. An informant who has on several previous occasions within the past six months provided reliable information concerning whiskey and other crimes that has resulted in arrest and convictions. Informant advices me that he has personally observed whiskey and drugs being concealed and sold at the above location within the past twenty four hours. This above location is a known outlet for whiskey because of previous investigations. Officers have observed known drinkers to them entering and leaving the above location.*

"Sworn to and subscribed before me on this the *26* day of *July, 1974.*

*Charles Leach*
Affiant

*J. D. Doc Lee*
Judge"

The state and the defendant stipulated there was no testimony delivered under oath to the issuing magistrate. The affidavit portion of the warrant was sworn to. The trial judge overruled the motion to suppress, upon the officers making and entering a return upon the warrant. The return was promptly made and the trial judge gave his certificate for review. *Held:*

1. The affidavit is sufficient to show the reliability of the informant, probable cause for the issuance of the warrant, and that the application for the issuance thereof was timely made, and the premises were sufficiently described. See *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473); *Dugan v. State,* 130 Ga. App. 527 (203 SE2d 722); *Jackson v. State,* 129 Ga. App. 901 (201 SE2d 816); *Adams v. State,* 123 Ga. App. 206 (180 SE2d 262).

2. The absence of a description of the *person* to be searched does not void the warrant or call for suppression of the evidence as no evidence obtained indirectly or directly by a search of any person is sought to be

suppressed. Code § 27-303 provides that the warrant particularly described "the place *or* person, *or* both, to be searched and things to be seized . . ." (Emphasis supplied.) The lack of description of the person to be searched does not void the search and seizure of items found in a search of the *place*. The language of the statute is in the disjunctive. See *Fowler v. State,* 128 Ga. App. 501, 502 (a) (197 SE2d 502).

3. The executing officers gave to the defendant an inventory of the items seized, and their delayed failure to deliver a similar inventory to the magistrate issuing the warrant (Section 2 of the Act of 1966, pp. 567, 568; Code Ann. § 27-302) and a return thereof on the warrant as required by Section 10 of the said Act (Ga. L. 1966, pp. 567, 570; Code Ann. § 27-310) and a delivery to the sheriff of the items seized and a report to the Revenue Commission as required by Section 4 of the Amendment of 1937 (Ga. L. 1937, pp. 148, 152) to the Malt Beverage Tax Law (Ga. L. 1935, pp. 73-81) enacting a new Section thereto designated Section 17A (Code Ann. §§ 58-727 and 58-728) were not cause for the suppression of the evidence. See *Waters v. State,* 122 Ga. App. 808 (2) (178 SE2d 770); *Williams v. State,* 125 Ga. App. 170 (186 SE2d 756). In *Terry v. State,* 123 Ga. App. 746 (182 SE2d 513) this court, after holding a search warrant was invalid for other reasons, "Further" held that the failure to comply with Section 4 of the Act of 1937, supra, was "an additional reason why the motion to suppress should have been sustained." In our opinion, this ruling is contrary to the prior decision in *Waters v. State,* 122 Ga. App. 808, supra, and the subsequent decision in *Williams v. State,* 125 Ga. App. 170, supra, and is obviously obiter dictum, and should not be followed.

4. The trial judge did not err in overruling the motion to suppress.

*Judgment affirmed. Clark, J., concurs. Quillian, J., concurs specially.*

SUBMITTED JANUARY 9, 1975 — DECIDED APRIL 8, 1975.

*Gross, Stowe & Shepherd, H. Jim Bagley,* for

appellant.

*V. D. Stockton, District Attorney,* for appellee.

QUILLIAN, Judge, specially concurring.

I concur in the majority opinion because we are bound by the ruling made in *Williams v. State,* 125 Ga. App. 170 (186 SE2d 756). The effect of the holding in the *Williams* case, from which Presiding Judge Pannell, Judge Evans and I dissented, had the effect of rendering Code Ann. § 27-302 (Ga. L. 1966, pp. 567, 568) completely meaningless.