## 54280. HALL v. THE STATE.
## 54281. HENDERSON v. THE STATE.

QUILLIAN, Presiding Judge.

Defendants appeal their convictions for two counts of forgery in the first degree, and one count of possession of tools for the commission of crime. *Held:*

1. Each defendant moved for but was denied a severance. The trial judge did not abuse his discretion delegated to him in Code Ann. § 27-2101 (as amended to Ga. L. 1972, pp. 618, 619), by refusing severance to the co-defendants who were jointly indicted for the same offenses, which involved the same witnesses, and the evidence indicated that they acted in concert. *Deuser v.*

*State,* 138 Ga. App. 211 (2) (225 SE2d 758).

2. Denial of a motion to suppress is enumerated as error. Defendants were arrested at a bank. Each was asked, but denied, whether they could identify a car located in the bank parking lot with temporary Florida license plates. Both stated they knew nothing about the car. The bank manager requested the police to remove the car from his parking lot. The car was impounded, taken to the police station, and a routine inventory made of its contents. A bill of sale indicated it belonged to defendant Hall. In Texas v. White, 423 U. S. 67 (96 SC 304, 46 LE2d 209), the Supreme Court found the Fourth Amendment prohibition against unreasonable searches was not violated by admission of evidence seized during a warrantless search of the defendant's car, when the defendant was arrested at a bank and his car driven to the police station where it was searched. The Supreme Court also held in South Dakota v. Opperman, —- U. S. — (96 SC 3092, —LE2d—) that police procedure in conducting an inventory upon impounded motor vehicles was not an unreasonable search in violation of the Fourth Amendment. This enumeration is without merit.

3. Defendants objected to introduction of two books into evidence which were not listed on the inventory list of the car. A police officer testified that he found both books underneath the seat on the driver's side of the car. The fact that these books were not listed on the inventory has no relevance to their admissibility. Cf. *Williams v. State,* 125 Ga. App. 170 (1) (186 SE2d 756). It is a ministerial act, not affecting the validity of the search. *Guest v. State,* 230 Ga. 569, 572 (1d) (198 SE2d 158). Both books were admissible as they contained handwritten entries which had relevance to the charged forgeries, and the purpose of equipment located in the car which could be used to make master keys for different brands of door locks. Where evidence of collateral matters may throw some remote light on the main issues, it is within the discretion of the trial judge to determine admissibility. Cf. *White v. Ga. Power Co.,* 237 Ga. 341, 345 (227 SE2d 385). Where the relevancy or competency of such evidence is doubtful, it should be admitted and its weight left to the determination of the jury. *Guy v. State,* 138 Ga. App. 11,

12 (225 SE2d 492); *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784). We find no error here.

4. One of the state's witnesses testified that he returned some of the items confiscated from the defendant's automobile to the "Sheriff's Office in Lake City, Florida." The defendants moved for a mistrial on the basis that their character had been placed in issue. The court sustained the objection, but denied the motion for mistrial, and instructed the jury to disregard the statement. It is impermissible for the state to place a defendant's character in issue unless he has first chosen to do so. Code Ann. § 38-415 (as amended to Ga. L. 1973, pp. 292, 294). However, we do not find this to be a "subterfuge" to do indirectly that which is forbidden by the statute (*Moss v. State,* 136 Ga. App. 241, 243 (220 SE2d 761)), nor does the statement itself rise to the level of placing the character of the defendants in issue. *Woodard v. State,* 234 Ga. 901, 902 (218 SE2d 629); *Fleming v. State,* 236 Ga. 434, 439 (224 SE2d 15); *Ogles v. State,* 238 Ga. 716 (235 SE2d 384).

5. After a review of the evidence, we can not say that "all reasonable deductions and inferences therefrom [demanded] a verdict of acquittal. . ." Code Ann. § 27-1802 (Ga. L. 1971, pp. 460, 461). Accordingly, the trial judge did not err in failing to direct a verdict of acquittal.

6. We have examined the remaining enumerations of error and do not find them sufficiently meritorious to require discussion.

*Judgments affirmed. Shulman and Banke, JJ., concur.*

ARGUED SEPTEMBER 14, 1977 — DECIDED OCTOBER 12, 1977 — REHEARING DENIED NOVEMBER 3, 1977 — ▮▮▮▮▮▮▮▮

*Edwards, Edwards & Edwards, H. B. Edwards, III,* for Hall.

*Robert L. Cork,* for Henderson.

*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.