### 41151. OLIVER v. THE STATE.
(319 SE2d 856)

MARSHALL, Presiding Justice.

Beasley Oliver appeals from his conviction of felony murder, for which he received a life sentence.[1] The sole issues presented are whether the court erred in failing to give the appellant a full, fair and impartial hearing on his motion to sever his trial from that of his co-indictee, co-defendant Lynn Williams, and in failing to grant that motion.

1. The record here shows that the appellant was given a pretrial opportunity to argue his severance motion outside the presence of the jury, but that he presented no evidence to support the motion under the criteria announced in *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975). Even assuming, arguendo, that the appellant was denied a full and fair hearing, the evidence at trial shows that the criteria were not satisfied, as discussed in Division 2, below.

2. "It is discretionary with the trial judge as to whether to jointly or separately try defendants who are jointly indicted for a capital offense when the state has waived the death penalty. OCGA § 17-8-4 (Code Ann. § 27-2101). The trial judge's denial of the motion to sever will not be disturbed unless the defendant can make a clear showing of prejudice. *Depree v. State,* 246 Ga. 240, 241 (1) (271 SE2d 155) (1980) and cits. '(T)he burden is on the defendant . . . to do more than raise the possibility that a separate trial would give him a better chance of acquittal.' *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856) (1975) and cit." *Mulkey v. State,* 250 Ga. 444 (1) (298 SE2d 487) (1983). It has been held that there was no abuse of discretion where severance was refused to co-defendants who were jointly indicted for the same offenses, which involved the same witnesses, and the evidence indicated that they acted in concert. *Hall v. State,* 143 Ga.

---

[1] The crime was committed on April 15, 1983. The jury returned its verdict of guilty and the court entered judgment on September 21, 1983. Notice of appeal was filed on September 28, 1983. The transcript of evidence was filed on April 12, 1984, and the record was docketed in this court on May 4, 1984. The case was argued orally on June 28, 1984.

App. 706 (1) (240 SE2d 125) (1977).

There was evidence adduced at the trial as follows. The appellant and his co-defendant, Lynn Williams, had a mutual girl friend, victim Mary Pearl Jones. The appellant, Oliver, arrived at a grocery store at the same time as did Williams, Jones, and others. Oliver and Williams got into a fight with each other over Jones, and the two co-defendants began shooting .22 caliber bullets at each other — Oliver with a revolver and Williams with a rifle. During the shoot-out, victim Jones walked between the two shooting combatants, with the predictable consequence of sustaining a fatal bullet wound in her neck.

"This court in *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975), set out factors which a trial court must consider in exercising it[s] discretion in regard to a motion to sever in a case in which the death penalty is not sought. These considerations are: (1) Will the number of defendants create confusion as to the law and evidence applicable to each? (2) Is there a danger that evidence admissible against one defendant will be considered against the other despite the court's instructions? (3) Are the defenses of the defendants antagonistic to each other or to each other's rights? Id. at 129 . . . There was no danger of confusion because of the number of defendants, there being only two. There was no evidence admissible against one which was inadmissible against the other . . . The mere fact that the case against [one] was stronger than the case against [the other] did not necessitate a separate trial." *Kelley v. State*, 248 Ga. 133 (3) (281 SE2d 589) (1981). Both defendants asserted the defense of self-defense; however, "[w]ithout a showing of prejudice, the fact that defenses are antagonistic will not require severance." *Everett v. State*, 238 Ga. 80, 81 (230 SE2d 882) (1976) and cit. Even where the evidence was conflicting, the judge properly charged the jury as to how to resolve such conflicts, and as to the possible verdicts the jury might render.

There was no reversible error pertaining to the denial of the motion to sever.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 6, 1984.

*Jerry M. Daniel,* for appellant.

*J. Lane Johnston,* District Attorney, *Michael J. Bowers,* Attorney General, *J. Michael Davis,* for appellee.