A89A0023. HEAD et al. v. THE STATE.
(381 SE2d 519)

CARLEY, Chief Judge.

Appellants were tried jointly before a jury. Appellant Head was found guilty of armed robbery, aggravated assault, false imprisonment, possession of a firearm during the commission of a crime and simple battery. Appellants Stanley and Johnson were found guilty of rape, simple battery and false imprisonment. Appellants appeal from the judgments of conviction and sentences entered on the jury's guilty verdicts.

1. Appellants enumerate the general grounds.

Appellants urge that the State failed to meet its burden of proof as to their coercion defense. OCGA § 16-3-26 provides that "[a] person is not guilty of a crime, except murder, if the act upon which the supposed criminal liability is based is performed under such coercion that the person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury." "In order for duress or fear produced by threats or menaces, to be a valid legal excuse for doing anything which would otherwise be criminal, the act must have been done under such threats or menaces as show that life or member was in danger, or that there was reasonable cause to believe that there was such danger. The danger must not be one of future violence but of present and immediate violence *at the time of the commission of the forbidden act.* [Cits.]" (Emphasis supplied.) *Chambers v. State*, 154 Ga. App. 620, 624 (1) (269 SE2d 42) (1980). The only evidence which might arguably authorize a finding of coercion relates to appellant Stanley. In a statement given to officers, he claimed that a man had pointed a gun at him and forced him to rape the victim. However, the record also contains evidence that appellant Stanley was not threatened as he claimed to have been. "We find that the jury would have been justified in rejecting [appellant Stanley's] defense of coercion. . . . [Cits.]" *Barnes v. State*, 178 Ga. App. 205, 206 (1) (342 SE2d 388) (1986).

Appellants Stanley and Johnson further contend that, as to the rape, the only evidence of their guilt is their uncorroborated confessions. However, the confessions were sufficiently corroborated by the

victim who testified that she was assaulted by three men and raped by at least one of them. Appellants Stanley and Johnson were two of those three. Accordingly, the evidence authorized a finding that appellants Stanley and Johnson were guilty of rape, either as actual perpetrators or as parties to the crime. "The corpus delicti was thus established, and 'corroboration of a confession in any material particular satisfies the requirements of the law. [Cits.]' [Cits.]" *Patrick v. State*, 169 Ga. App. 302, 303 (2) (312 SE2d 385) (1983). See also *Nation v. State*, 180 Ga. App. 460 (1) (349 SE2d 479) (1986).

After a review of the record, we find that a rational trior of fact could have found from the evidence adduced at trial proof of guilt of appellants beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellants enumerate as error the trial court's refusal to charge on the affirmative offense of coercion.

As discussed in Division 1, it is only appellant Stanley who was possibly entitled to a charge on coercion as a defense to the rape of the victim. Appellant Stanley submitted a request to charge on coercion and, during the charge conference, the trial court indicated that it would instruct on that defense in relation to the rape charge. However, counsel for appellant Stanley requested the trial court to give no charge on coercion at all rather than to give a charge which limited the coercion defense to the offense of rape. The trial court acceded in that request and gave no charge on coercion. Under these circumstances, if the trial court erred, it was error which was induced by the rejection of appellant Stanley's counsel of the trial court's offer to give a proper limited instruction as to the coercion defense.

3. Appellants enumerate as error the trial court's denial of their motions to sever their trials, urging that their defenses were antagonistic.

"The mere fact that co-defendants' defenses are antagonistic is not sufficient in itself to warrant separate trials. [Cit.] A showing of harm is necessary. [Cit.]" *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975). "It is not enough to claim that [one] has a better chance of acquittal in a separate trial. Rather, the burden is on defendant to show clear prejudice and in the absence of this showing the trial court's denial of the motion to sever will not be disturbed. [Cits.]" *Satterfield v. State*, 256 Ga. 593, 596 (3) (351 SE2d 625) (1987). "With the benefit of hindsight, it is incumbent upon this court to determine whether the trial court's decision to join the trial of the co-defendants . . . hindered a fair determination of the guilt or innocence of [appellants], and thus constituted a manifest abuse of discretion." *Magouirk v. State*, 158 Ga. App. 517, 518 (281 SE2d 283) (1981). Having considered appellants' assertions as to antagonistic defenses and prejudice, we find no error in the denial of the motions to

sever their trials. See generally *Oliver v. State*, 253 Ga. 284 (319 SE2d 856) (1984); *Kennedy v. State*, 253 Ga. 132, 134 (2) (317 SE2d 822) (1984).

4. Appellants enumerate as error the denial of their motion for mistrial based upon an allegedly improper contact between three jurors and a bystander in the courthouse. After the incident, the trial court conducted a voir dire and asked each member of the jury individually if he or she had heard the comment. Only three of the jurors stated that they had heard anything and they testified that they only had heard the bystander utter the word "guilty." Another juror stated that she had heard the three jurors comment that the sheriff had taken the bystander away. All four of the jurors involved in the incident stated that the bystander's remark had in no way affected their ability to decide the case in an unbiased manner and that they had not discussed the remark with any other member of the jury.

"The rule in this State is that where such an improper communication occurs, there is a presumption of harm and the burden is on the State to show the lack thereof. [Cits.]" *Jones v. State*, 258 Ga. 96, 96-97 (366 SE2d 144) (1988). "[T]estimonial evidence on voir dire is an acceptable means of proof to meet the burden cast upon the [S]tate, in such circumstances, to rebut by proof a presumption of harm. [Cits.]" *Clark v. State*, 153 Ga. App. 829, 830 (1) (266 SE2d 577) (1980). " '[Not] every improper communication is prejudicial per se.' [Cit.]. . . . In determining that the unauthorized contact of conversation . . . was not harmful, [we focus] on three factors: the lack of 'any scintilla of evidence' that there was an attempt to discuss the merits or to exert any influence upon the juror, and the fact that the juror who was contacted did not pass the conversation on to any other juror. [Cit.]" *Towler v. State*, 188 Ga. App. 43, 44 (2) (372 SE2d 242) (1988). After reviewing the evidence adduced during the voir dire, we find that the State met its burden of showing that appellants were not prejudiced by the improper remark. See generally *Dudley v. State*, 179 Ga. App. 252, 255 (3) (345 SE2d 888) (1986); *Clark v. State*, supra at 830.

5. The trial court's admission into evidence of the statements given to investigating officers by appellants is enumerated as error.

When appellants contested the admissibility of their statements, the trial court conducted a *Jackson-Denno* hearing. The evidence presented at the hearing clearly authorized the trial court to find that appellants were given their *Miranda* rights and thereafter signed a waiver of rights form prior to giving their written and oral statements to the officers. The evidence also authorized the trial court to find that appellants' statements were not the products of trickery or made in the promise of leniency. "Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the

admissibility of a confession will be upheld on appeal. [Cits.]" *Gates v. State*, 244 Ga. 587, 590-91 (261 SE2d 349) (1979). See also *Stephens v. State*, 170 Ga. App. 342 (1) (317 SE2d 627) (1984); *Williams v. State*, 167 Ga. App. 42 (3) (306 SE2d 46) (1983).

6. Appellants enumerate as error the trial court's charge on venue, urging that the jury was impermissibly instructed that the State did not have the burden of proving venue beyond a reasonable doubt. However, a review of the charge reveals that it is a correct statement of the law as to venue and that it did not relieve the State of its burden of proof in this regard. See OCGA § 17-2-2; *Crosby v. State*, 232 Ga. 599, 600 (2) (207 SE2d 515) (1974).

7. The trial court instructed the jury that "[w]itnesses are presumed to speak the truth unless they are impeached in some manner as provided by law." The giving of this charge is enumerated as error.

"Although we have held that such presumption-of-truthfulness charges can be misleading, and are of little positive value, and have recommended that their use be discontinued, we have nevertheless noted that they have held not to be, as [appellants contend], unconstitutionally burden-shifting. [Cit.]" *Mincey v. State*, 257 Ga. 500, 506 (9) (360 SE2d 578) (1987). See also *Holiday v. State*, 258 Ga. 393 (14) (369 SE2d 241) (1988); *Chews v. State*, 187 Ga. App. 600 (7) (371 SE2d 124) (1988). Likewise, the giving of the charge is not violative of the Fifth Amendment privilege against self-incrimination. See *Preston v. State*, 257 Ga. 42, 45 (8) (354 SE2d 135) (1987).

8. Appellants enumerate as error the trial court's charge on intent as unconstitutionally burden-shifting. However, the charge that was given has been specifically approved. See *Parker v. State*, 256 Ga. 363, 365 (2) (349 SE2d 379) (1986); *Dill v. State*, 254 Ga. 17 (1) (325 SE2d 765) (1985); *Heard v. State*, 175 Ga. App. 793 (334 SE2d 374) (1985).

9. Appellants contend that their sentences constitute cruel and unusual punishment. "This court will not review for legal error any sentence which is within the statutory limits — as in the instant case. [Cits.] Any question as to excessiveness of a sentence which is within legal limits should be addressed to the sentence review panel, as provided in [OCGA § 17-10-6]." *Tommie v. State*, 158 Ga. App. 216, 216-217 (1) (279 SE2d 510) (1981). See also *Branch v. State*, 182 Ga. App. 818, 819 (3) (357 SE2d 136) (1987).

10. At trial, an officer expressed his opinion that, of the three defendants, appellant Head was the smartest. Appellant Head then offered his high school academic records to show that he was a poor student. The trial court refused to admit the records into evidence. Appellant Head enumerates this ruling as error.

Evidence of appellant Head's high school grades would not in any way rebut the officer's opinion that appellant Head was the smartest

of the defendants. Moreover, it is clear that the officer was expressing his own opinion of appellant Head's "street smarts" rather than his academic achievements. Accordingly, appellant Head's high school records were irrelevant and, therefore, properly excluded by the trial court. See generally *Guest v. State*, 155 Ga. App. 374 (1) (270 SE2d 904) (1980).

11. Appellants' remaining enumeration of error relates to the jury selection process. The enumeration has been considered and found to be without merit.

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 16, 1989 —
REHEARING DENIED APRIL 6, 1989 —

*Carl P. Greenburg, J. M. Raffauf*, for appellants.
*Robert E. Wilson*, District Attorney, *Elisabeth G. MacNamara, R. Stephen Roberts*, Assistant District Attorneys, for appellee.