A89A1019. WATERS v. THE STATE.
(385 SE2d 765)

POPE, Judge.

Defendant Weldon Waters was convicted of rape and child molestation of his eleven-year-old granddaughter and appeals.

1. The trial court ruled that the State could not present the testimony of a child psychologist who examined the victim as to any opinions contained in the psychologist's written evaluation of the victim due to the State's failure to provide the written report to defendant's counsel in a timely manner as required by OCGA § 17-7-211. Nevertheless, the trial court permitted the psychologist to testify as a rebuttal witness as to what the victim had told her about the defendant. Defendant's first, second and fifth enumerations of error assert that the court erred in admitting the psychologist's testimony.

The victim testified as a witness for the State and provided a detailed account of the defendant's offenses against her. The victim's veracity was challenged by the defendant who attempted to show she had made out-of-court statements which were inconsistent with her testimony. The psychologist was called as a rebuttal witness and provided a detailed account of what the victim had told her about the defendant's actions on the three occasions the psychologist interviewed the victim. According to the psychologist's testimony, the account the victim gave in these three interviews was consistent in all material aspects with the victim's in-court testimony. Prior consistent out-of-court statements by a witness whose veracity is in issue on the question of defendant's guilt are admissible as substantive evidence on the issue of guilt. *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). Thus, the testimony of the psychologist was properly admitted. Contrary to defendant's assertions, the psychologist did not offer opinion testimony which had been excluded pursuant to OCGA § 17-7-211 (c). The psychologist's testimony was limited to those statements and demonstrations made to the psychologist by the victim.

2. The trial of this case commenced January 25, 1988. In response to defendant's request, the State provided defendant written notice on January 15 of its intent to present evidence of similar transactions. However, the original written notice included only the name of the victim of the alleged similar transactions. On January 19 the notice was amended to include the location and dates of the alleged similar transactions. At a pre-trial hearing the trial court ruled that the January 19 notice was sufficient and that evidence of the alleged similar transactions would be admitted at trial. Defendant argues that the

court erred in admitting this evidence on the ground the written notice was insufficient because it was untimely given. According to Uniform Superior Court Rule 31.1: "Notice of the state's intention to present evidence of similar transactions and occurrences . . . shall be given and filed at least 10 days before trial unless the time is shortened or lengthened by the judge." "We interpret this as clothing the trial court with discretion which will not be controlled absent abuse." *Hall v. State*, 181 Ga. App. 92, 93 (351 SE2d 236) (1986). We find no abuse of discretion in the trial court's ruling in this case.

3. Defendant argues that the court erred in allowing the prosecutor to make allegedly inflammatory or prejudicial remarks to the jury in closing argument. During closing argument the prosecutor stated: "What you realize is that if you [acquit the defendant] you tell [the victim] one, that you don't believe her and two, that this never happened to her. But most importantly that she could go back to her grandfather's, you can go back to Weldon Waters, you can do that now." First we note that no objection was raised to the prosecutor's statement. Even if an objection had been timely raised it would be without merit. See *Lumpkin v. State*, 136 Ga. App. 828 (3) (222 SE2d 669) (1975). See also *Chambers v. State*, 134 Ga. App. 53 (4) (213 SE2d 158) (1975).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 5, 1989.

*George J. Thomas II*, for appellant.
*Garry T. Moss, District Attorney*, for appellee.