A90A0210. KILGORE v. THE STATE.
(395 SE2d 337)

BIRDSONG, Judge.

Kilgore appeals his convictions and sentence for two counts of aggravated sodomy, three counts of child molestation and one count of incest. His stepdaughter was the victim of all the offenses. Kilgore was sentenced to two terms of life imprisonment and an additional 100 years confinement. All sentences are to run consecutively. *Held*:

1. Kilgore contends the trial court erred by excluding Exhibit D-8, under the Rape Shield Statute, OCGA § 24-2-3, because the exhibit tended to illustrate the victim's ability to conceive images and situations of a prurient nature. The exhibit is apparently a fictional work about someone's sexual experiences. Kilgore's arguments that the Rape Shield Statute is unconstitutional and infringes on his right to confront the victim are without merit. *Harris v. State*, 257 Ga. 666, 668 (362 SE2d 211). Further, in addition to its general lack of relevancy, the exhibit clearly was to be used in an attack upon the victim's reputation for prior sexual behavior, and thus was properly excluded under OCGA § 24-2-3.

2. Kilgore also alleges that the trial court erred by allowing testimony by his sister-in-law about an instance when he molested her and attempted to have sexual intercourse. Kilgore argues that the

transactions were not similar because the instance with his sister-in-law allegedly occurred at night with his wife sleeping in the same room, and the instances with his stepdaughter allegedly occurred in the daytime with no one else present. Kilgore also alleges that his sister-in-law's testimony was not worthy of belief. The lack of similarities Kilgore asserts are meaningless distinctions. Evidence of similar transactions is admissible when there is sufficient similarity or connection between the independent crime and the offenses charged so that proof of the former tends to prove the latter. In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. *Tucker v. State*, 191 Ga. App. 648 (382 SE2d 425). The law, however, does not require that the crimes be identical in all respects. There need only be evidence that the defendant was the perpetrator of both crimes and sufficient similarity or connection between the independent crime and the offenses charged. *Guffey v. State*, 191 Ga. App. 501, 502 (382 SE2d 202). Considering the similarities in ages of the victims, the similarities in the offenses, and the similarities in the relationship of the victims to Kilgore, it is obvious that the trial court did not err by finding the similar transaction admissible. " 'The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses.' " *Oller v. State*, 187 Ga. App. 818, 821 (371 SE2d 455).

3. Kilgore also contends that the trial court erred by allowing a nurse, who had examined the victim, to testify even though she was not on the witness list. The transcript discloses that a special prosecutor was appointed in this case because of a potential conflict of interest involving the district attorney and that this appointment may have been responsible for this omission rather than any bad faith, the special prosecutor promptly informed the defense as soon as he became aware of the omission, the witness' name was shown on a medical report previously furnished the defense, and the trial court provided Kilgore the opportunity to interview the witness before she testified. Under the circumstances, the purposes of OCGA § 17-7-110 were satisfied and the trial court did not err by allowing the witness to testify. *White v. State*, 253 Ga. 106, 109-110 (317 SE2d 196).

4. Kilgore contends that the trial court erred by admitting a statement he made in evidence because he was allegedly in custody at the time the statement was made and no warnings of his *Miranda* rights were given before the statement was made. Review of the transcript shows that no objection to this testimony was made in the trial court, and this matter may not be raised for the first time on appeal. *Scott v. State*, 243 Ga. 233, 234-235 (253 SE2d 698); *Cooper v. State*, 173 Ga. App. 254, 256 (325 SE2d 877). Accordingly, this enumeration

of error will not be considered. In any event, the transcript shows that the statement was made to the Department of Family & Children Services counselor at a time when Kilgore was not in custody. Therefore, no *Miranda* warnings were required.

5. Kilgore asserts that the trial court erred by allowing testimony about hearsay statements made by the victim to a witness from the Department of Family & Children Services. This assertion is without merit. This testimony was authorized by *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661). *Waters v. State*, 192 Ga. App. 677 (385 SE2d 765).

6. Kilgore asserts that the trial court erred by allowing the prosecutor to read the indictments as part of the swearing of the witnesses. Since Kilgore objected to this procedure only during the swearing of the State's rebuttal witness and not during the prior swearing of numerous other witnesses, we find that the issue was waived. Further, the trial judge has inherent authority to supervise the course of the trial. *Palmer v. State*, 186 Ga. App. 892, 895 (369 SE2d 38). Since the transcript does not reveal what, if anything, was done during the swearing of the witnesses, Kilgore has failed to establish that the trial judge abused its discretion.

7. Kilgore alleges that the trial court erred by allowing impeachment without a proper foundation. The record reflects, however, that the trial court sustained Kilgore's objection on this issue, and the matter was not pursued thereafter. Accordingly, there was no error.

8. Kilgore also contends that the trial court erred by permitting a medical witness to testify that examination of the victim indicated that she was sexually active, but then forbidding examination about with whom the victim was sexually active. Review of the transcript shows that Kilgore did not object at trial and, in fact, acquiesced to the trial court's ruling. Under the circumstances, no issue is presented for review. *Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536).

9. Kilgore contends the trial court erroneously ignored the jury's question concerning time limits on its deliberation. The transcript shows, however, that the trial court questioned the foreman about the matter and apparently answered the question. Since there is no factual premise for this enumeration, it is without merit.

10. Kilgore contends that the trial court erred by denying his motion for a directed verdict of acquittal. In regard to those counts of the indictments of which Kilgore was acquitted, any such error committed was harmless. *Hazelrig v. State*, 171 Ga. App. 942, 943 (321 SE2d 437). Regarding the other counts, a directed verdict of acquittal is only warranted when there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Taylor v. State*, 252 Ga. 125 (312 SE2d 311).

Considering this issue on appeal, we view the evidence in the

light most favorable to the verdict. *Watts v. State*, 186 Ga. App. 358 (366 SE2d 849). Viewed in that manner, the transcript reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that the appellant was guilty of those offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

11. Kilgore contends that the trial court erred by denying "an acquittal notwithstanding the verdict." Pretermitting whether such action is authorized in this state, we found in Division 10, ample evidence to support Kilgore's convictions. Accordingly, this enumeration is without merit.

12. Kilgore contends that the trial court erred by giving him an "unduly severe" sentence. The sentence imposed was within the statutory limits, and transcript shows that the trial court imposed a sentence which it believed to be appropriate in the exercise of its discretion. Although it is true that the trial judge expressed his opinion that he believed an even more severe sentence was warranted by the offenses Kilgore committed and the attitude Kilgore displayed throughout the trial, these are not grounds for reversal. *Rogers v. State*, 191 Ga. App. 855-856 (383 SE2d 331); *Head v. State*, 191 Ga. App. 262, 265 (381 SE2d 519). No error was committed.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED JUNE 12, 1990.

*Lawrence L. Aiken, Louise Thomas*, for appellant.

*W. Fletcher Sams, District Attorney, William H. Stevens, Assistant District Attorney*, for appellee.