A91A0107. YOUNG v. THE STATE.
(405 SE2d 338)

BIRDSONG, Presiding Judge.

Newton Young appeals his convictions of child molestation, statutory rape, incest, and enticing a child for indecent purposes. He was sentenced to 15 years imprisonment on each count. Young asserts that the trial court erred by sentencing him separately for incest and statutory rape because he contends the two offenses merged for sentencing, that the trial court erred by admitting evidence of the victim's statement in violation of the child hearsay statute, and that the trial court erred by admitting the statement Young gave to a GBI agent. *Held*:

1. Relying on *McCranie v. State*, 157 Ga. App. 110, 111 (276

SE2d 263), Young contends that his conviction and sentencing for both incest and statutory rape violated OCGA § 16-1-7. In *McCranie*, we held that as a matter of *fact* the incest offense was included in the statutory rape offense so that sentencing for both offenses was prohibited because both offenses were based upon the same act of sexual intercourse. This appeal, however, is factually different from *McCranie*, because the evidence shows there were at least two acts of sexual intercourse, and thus the trial court could sentence Young for the two separate offenses. *Kirby v. State*, 187 Ga. App. 88, 89 (369 SE2d 274); *Copeland v. State*, 160 Ga. App. 786, 789 (287 SE2d 120).

2. Young alleges that the trial court erred in admitting testimony about the victim's description of her sexual abuse without following the procedures for admission of the testimony or making a finding that the testimony was reliable. The evidence shows that after the victim testified, a GBI agent testified about what the victim told her. Young contends the trial court was required to follow the exact procedures established in *Sosebee v. State*, 257 Ga. 298, 299 (357 SE2d 562), and that the child hearsay statute, OCGA § 24-3-16, should be limited to circumstances in which the State wishes to avoid having the child victim testify. We are satisfied that the record shows the necessary predicates for testimony under OCGA § 24-3-16 were met. The victim was obviously available to testify because she did testify. Further, the trial court's failure to make a specific finding of reliability was not error. *Reynolds v. State*, 257 Ga. 725, 726 (363 SE2d 249). In any event, since the victim actually testified in this case, the GBI agent's testimony was otherwise admissible. See *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661); *Waters v. State*, 192 Ga. App. 677 (385 SE2d 765). Further, we specifically reject Young's argument that the GBI agent's testimony was inadmissible because she testified after the victim testified.

3. Young's last enumeration of error contends that the trial court erred by admitting the statement he gave to the GBI agent because the statement was not freely and voluntarily given. This contention is based on his contention that he did not understand the rights that were read to him and because the statement was procured by threats and promise of reward.

After a *Jackson v. Denno* hearing in which these issues were contested, the trial court determined that the statement was voluntarily given. On appeal such a finding will be accepted by an appellate court unless it is clearly erroneous. *Brown v. State*, 259 Ga. 453, 454 (383 SE2d 882); *Short v. State*, 256 Ga. 165, 167 (345 SE2d 340); *Head v. State*, 191 Ga. App. 262, 264-265 (381 SE2d 519). In this case there is evidence supporting the trial court's finding of voluntariness, and accordingly, there is no error.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED APRIL 8, 1991.

*Thomas E. Pujadas*, for appellant.
*David E. Perry*, District Attorney, *Ronnie A. Wheeler*, Assistant District Attorney, for appellee.