## S97A0504. DIXON v. THE STATE.
(485 SE2d 480)

HINES, Justice.

Payton Dixon was found guilty of felony murder, aggravated assault, battery, reckless conduct, and simple assault in connection with the fatal beating of Anthony Westmoreland. He was sentenced

---

to life imprisonment for the felony murder charge. We affirm.[1]

The evidence, viewed in favor of the verdict, revealed that on October 2, 1993, Dixon, Michael McKinley, and Ernest Smith were driving Dixon's girl friend home when they saw Westmoreland walking. Dixon decided to confront Westmoreland regarding an argument they had during a telephone conversation. Dixon and McKinley got out of the car and approached Westmoreland while Smith sat on the car with Dixon's girl friend. A loud conversation ensued, in which Dixon told Westmoreland that he wanted to fight him "one-on-one" and swung at Westmoreland, missing. Westmoreland backed into a yard and attempted to take off his jacket. At that moment, McKinley attacked Westmoreland from behind striking him in the head and knocking him to the ground. Dixon and McKinley began hitting and kicking Westmoreland in the head, ribs, and back. McKinley dragged Westmoreland into the street where the vicious beating continued until McKinley and Dixon decided to leave. Evidence showed that Westmoreland died from the combined effects of numerous blunt force blows to his head, causing his brain to swell and hemorrhage.

1. Dixon argues that the evidence was insufficient to convict him of aggravated assault and, therefore, felony murder. The gravamen of Dixon's contention is that because he attacked Westmoreland with his hands and feet, he should have only been tried for battery, OCGA § 16-5-23.1. The court charged the jury on battery, as a lesser included offense of aggravated assault, and the jury found Dixon guilty of aggravated assault. Aggravated assault has two essential elements: (1) that an assault, as defined by OCGA § 16-5-20, was committed on the victim, and (2) that it was aggravated by either (a) an intention to murder, rape, or rob, or (b) the use of a deadly weapon. OCGA § 16-5-21. Although hands and feet are not considered per se deadly weapons within the meaning of OCGA § 16-5-21 (a) (2), the jury may find them to be so depending on the circumstances surrounding their use, including the extent of the victim's injuries. *Smith v. Hardrick*, 266 Ga. 54, 55 (2) (464 SE2d 198) (1995). Under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient to convict

---

[1] The crimes were committed on October 2, 1993. Dixon was indicted for malice murder, felony murder, and aggravated assault on April 8, 1994. He was tried before a jury on May 9-11, 1994 and found guilty of felony murder, aggravated assault, battery, reckless conduct, and simple assault. On May 16, 1994, Dixon was sentenced to life imprisonment for the felony murder charge. The aggravated assault and lesser offenses of battery, reckless conduct, and simple assault merged into the felony murder charge as a matter of law. His motion for new trial was filed June 10, 1994, amended on November 15, 1996, and denied on November 15, 1996. The notice of appeal was filed on November 20, 1996, and the appeal was docketed with this Court on January 7, 1997. The case was submitted for decision following oral argument on March 11, 1997.

Dixon of aggravated assault and felony murder.

2. Dixon contends the trial court erred in failing to grant his motion to sever his trial from that of his co-indictee, Michael McKinley. When the death penalty is not sought, the severance of defendants' trials is within the sound discretion of the trial court and its decision will not be disturbed unless there is an abuse of that discretion. OCGA § 17-8-4. The burden is on the defendant moving for severance to demonstrate more than the possibility that a separate trial would provide him with a better chance of acquittal; he must establish a clear showing of prejudice. *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975). Dixon failed to make such a showing. The record clearly demonstrates that Dixon and McKinley were jointly indicted for the same offense and that they acted in concert in causing the death of Westmoreland. *Hall v. State*, 143 Ga. App. 706 (1) (240 SE2d 125) (1977). Merely because Dixon's and McKinley's defenses were inconsistent, is not, in and of itself, sufficient to warrant a separate trial. *Cain v. State*, supra at 129. Accordingly, the court did not abuse its discretion in denying the motion.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 1997.

*Omotayo B. Alli, Whitman M. Dodge,* for appellant.

*Paul L. Howard, Jr., District Attorney, Gina C. Marshall, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Deborah L. Gale, Assistant Attorney General,* for appellee.