## 45945. HOWARD v. THE STATE.
### (372 SE2d 813)

HUNT, Justice.

Haskie B. Howard was indicted, tried and convicted of the murder of Otis Redding in Tift County.[1] He enumerates as error the failure of the trial court to charge on voluntary manslaughter, upon his request.[2] We affirm.

When defendant Howard demanded that the victim pay him the $9.35 which the victim owed to him, the victim replied that he would do so when his girl friend got home from work. The defendant went home, got his .38 handgun, and returned to the victim's house. There, in the victim's front yard, he confronted the victim again and obscenities were exchanged; then, the defendant shot the victim before several witnesses. In both his statement and at trial, he admitted he intended to shoot the victim, but at trial contended that he believed that the victim was reaching for a weapon when he moved his left hand, even though he knew the victim was right-handed. No weapon was found on the victim.

In his sole enumeration of error, the defendant contends the trial court erred in refusing his charge on voluntary manslaughter.

---

[1] The murder occurred on October 10, 1987 and the defendant was indicted on December 7, 1987. He pleaded not guilty and was tried and convicted on January 20, 1988. He filed a notice of appeal on February 18, 1988 and the transcript was certified on May 18, 1988. The case was docketed in this court on June 29, 1988 and submitted for decision on August 12, 1988.

[2] While there is no request to charge included in the record, the District Attorney concedes that the charge was in fact requested.

Pretermitting the question of whether his assertion that he acted in self-defense precludes his entitlement to such charge, see *Stewart v. State*, 257 Ga. 211 (5) (356 SE2d 515) (1987); *Saylors v. State*, 251 Ga. 735 (2) (309 SE2d 796) (1983), it is clear that, as a matter of law, the "serious provocation necessary to excite passion in a reasonable person" is not present. OCGA § 16-5-2 (a); *Swett v. State*, 242 Ga. 228, 230 (248 SE2d 629) (1978). Thus, we must conclude that the trial court did not erroneously refuse the requested charge.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 20, 1988.

*Larry B. Mims,* for appellant.

*David E. Perry, District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree,* for appellee.