## A97A2144. BANKS v. THE STATE.

(497 SE2d 821)

ANDREWS, Chief Judge.

David D. Banks appeals from his convictions of DUI (less safe to drive) and burglary.

1. The first two enumerations deal with sufficiency of the evidence and are considered together.

" 'On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence.' (Citations and punctuation omitted.) *Curtis v. State*, 208 Ga. App. 720, 721 (431 SE2d 719) (1993)." *Etienne v. State*, 219 Ga. App. 95, 97 (2) (464 SE2d 396) (1995).

So viewed, the evidence was that Officer Lewis was on patrol and stopped at a red light on November 23, 1995 (Thanksgiving), around 3:00 a.m. when he noticed a man standing near the Cotton Exchange, a retail store, smoking a cigarette. He was looking at the man, later identified as co-defendant Toney, when Toney looked up and saw the officer. Toney then turned around and went down the alley beside the building. The Cotton Exchange shared a parking area with another shop, a dental clinic, and an apartment duplex and Officer Lewis, finding the conduct suspicious, drove his patrol car into the alley where he saw a car with its trunk up and two other men,[1] along with Toney. He returned to the front of the Cotton Exchange and summoned backup. The car was then blocked in by the officers, even though the car had begun moving toward the street. Banks was driving the car with Toney in the front seat and Parris in the back seat. In the back of the car, officers found a fax machine and another piece of office equipment. In the trunk, officers found a large screwdriver. Upon checking the area, the officers found that the padlocks and hinges on the door of the storeroom behind the Cotton Exchange had been torn off. Inside the storeroom were old office machines. Wade, the owner of the business, identified the fax machine as having been taken from the storeroom. He also said that he walked by the storage room daily when he emptied the trash and that he would have noticed if the storeroom had been disturbed. His business, which had opened on November 11, 1995, was full of stock for the holiday season and he was open the day before Thanksgiving.

The officers also found a manhole cover on the side of the Cotton Exchange, about three feet from the plate glass windows across its front. There were no manholes missing covers in the vicinity.

Officer Lewis noticed a strong smell of alcohol on Banks and that his eyes were bloodshot. Banks resisted getting into the police car

---

[1] These two were later identified as Banks and Parris.

and refused to perform an alcosensor test. Officer Lewis opined that Banks was less safe to drive and he was arrested for DUI. Upon arriving at the police station, Deputy Swindall, the Intoximeter 5000 operator, noticed that Banks' speech was slurred, he was loud and boisterous, slightly staggering, and smelled of alcohol. Also, his eyes were glassy and bloodshot. Banks refused to take the test.

Toney had been arrested before by Officer Lewis in November 1992. During that incident, a manhole cover had been thrown through the plate glass window of a department store between 2:00 and 3:00 a.m. and clothing stolen. Toney was the passenger in the car stopped trying to leave the area and he was sitting on a large stack of clothing of which he denied knowledge. That store was located about one mile from the Cotton Exchange.

Banks contended that Parris had asked him for a ride and had the office machinery with him. Parris testified that he had received the equipment from Jerry, whose last name he did not know, several days before the incident. Parris' testimony at trial contradicted statements given to the police and to the court when he pled guilty to receiving stolen property.

The issue of which version of these events to believe was for the jury, which resolved the credibility issues in favor of the State. OCGA § 24-9-80. This Court will not weigh the evidence or determine witness credibility, but only determines the sufficiency of the evidence. *Daras v. State*, 201 Ga. App. 512 (1) (411 SE2d 367) (1991).

The evidence was sufficient for rational triers of fact to find all essential elements of burglary and DUI. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Cann-Hanson v. State*, 223 Ga. App. 690 (1) (478 SE2d 460) (1996); *Shy v. State*, 220 Ga. App. 910, 911 (1) (470 SE2d 484) (1996).

2. Banks contends that the court's denial of his motion to sever his trial from that of Toney was reversible error.

"When the death penalty is not sought, the severance of defendants' trials is within the sound discretion of the trial court and its decision will not be disturbed unless there is an abuse of that discretion. OCGA § 17-8-4. The burden is on the defendant moving for severance to demonstrate more than the possibility that a separate trial would provide him with a better chance of acquittal; he must establish a clear showing of prejudice. *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975)." *Dixon v. State*, 268 Ga. 81, 83 (485 SE2d 480) (1997).

Banks' basis for the motion was that the similar evidence admissible as to Toney would be "confusing to the jury in that they will not be able to separate the evidence presented at trial" which would create a high risk of prejudice to Banks.

Admission of similar crimes evidence against a co-defendant

does not mandate severance where, as here, the trial judge gave specific limiting instructions regarding that evidence and the evidence itself did not implicate Banks directly. *Hightower v. State,* 263 Ga. 375 (2) (434 SE2d 491) (1993); *Randolph v. State,* 198 Ga. App. 291, 292 (3) (401 SE2d 310) (1991).

There was no error.

3. Banks' final enumeration is that his character was improperly placed into issue by a statement made by a prospective juror during voir dire.

The only statement of the juror contained in the record before this Court is that "I don't know him [Banks] personally but I see him with a lot of people that I do know, a lot of friends of mine." Thereafter, some statement was made by the juror in response to a follow-up question by the prosecutor, but it was not loud enough to be picked up by the court reporter. Immediately thereafter, Banks' counsel asked that the entire panel be disqualified. As recalled by the trial judge, the statement made by the juror, known to the defense as a bondsman, was "I think that we might have gotten him out of jail once." The discussion continued among counsel and the court, and then Banks' counsel stated that "when he [the prosecutor] started asking him questions, *I knew what was fixing to come out. He was about to go say, well, I've gotten him out on bond before.* And I just knew when it came out, was going to object to it and I think the entire panel has to be excused." (Emphasis supplied.)

(a) First, Banks has failed to show, by the record, harmful error. Colloquy among counsel and the court, although included in the record, is not sufficient to make a proper record of facts before this court for purposes of satisfying appellant's burden. *Kennedy v. State,* 217 Ga. App. 18, 19 (456 SE2d 288) (1995); *Shaw v. State,* 201 Ga. App. 438, 440 (1) (411 SE2d 534) (1991).

Banks has not availed himself of the opportunity to complete the record under the provisions of OCGA § 5-6-41 (f) and, when this is not done, there is nothing for the appellate court to review. *Harris v. State,* 230 Ga. App. 403 (496 SE2d 277) (1998); *Parker v. State,* 220 Ga. App. 303, 305 (3) (469 SE2d 410) (1996).

(b) Further, even assuming the statement had been properly included in the record, Banks' counsel acknowledged that he anticipated what was about to be said by the juror, but did nothing to prevent it. Such a tactic, if not induced error, is at least failure to object and waives any error, " 'for one must assert his rights properly or face the possibility of their being forever lost.' [Cit.]" *Price v. State,* 222 Ga. App. 655, 656 (1) (475 SE2d 692) (1996). See, e.g., *Tucker v. State,* 225 Ga. App. 757, 758 (2) (484 SE2d 793) (1997).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

*Hagler, Hyles, Adams & McKenna, Clark C. Adams, Jr.,* for appellant.

David D. Banks, *pro se.*

*J. Gray Conger, District Attorney, Melvin E. Hyde, Jr., Assistant District Attorney,* for appellee.