S08A0174. BRADY v. THE STATE.

(659 SE2d 368)

HUNSTEIN, Presiding Justice.

Based upon the fatal beating of one victim, James Gray Brady was indicted on three counts of murder: malice murder; felony murder predicated on aggravated assault by striking the victim with

a gun with the intent to rob (Count 2); and felony murder predicated on aggravated assault by striking the victim with a gun, an instrument when used offensively against a person is likely to result in serious bodily injury (Count 3). The jury acquitted him of malice murder and found him guilty of both Counts 2 and 3; judgment of conviction was then entered on both felony murder guilty verdicts and he was given two concurrent life sentences. On appeal, this Court found that the evidence was insufficient to prove that Brady acted with intent to rob but noted that his "conviction under one of the felony-murder counts would have to be set aside on double-jeopardy grounds in any event." *Brady v. State*, 259 Ga. 573, 574 (385 SE2d 653) (1989). We specifically found the evidence sufficient to support Count 3, felony murder/aggravated assault with a gun, id. at 579 (3), and affirmed the judgment of conviction and sentence entered on that count.

In 2006, Brady filed a pro se "motion to correct illegal sentence," contending that because the trial court should have merged Count 3 into Count 2 at sentencing prior to his appeal, with the result that this Court, finding insufficient evidence of intent to rob, would have then reversed his sole murder conviction, he was not properly convicted of murder and the trial court should correct his sentence accordingly. The trial court denied the motion and Brady appeals that ruling. For the reasons that follow, we affirm.

Double jeopardy does not allow a defendant to be punished on multiple murder counts for a single homicide. See *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). When a defendant is found guilty on multiple murder counts for a single homicide, the additional counts are surplusage and must be vacated. Id. Thus, Brady is correct that the trial court should not have sentenced him on both felony murder guilty verdicts. This Court corrected that error on appeal when we affirmed the judgment of conviction and sentence only on the Count 3 guilty verdict. *Brady v. State*, supra, 259 Ga. at 579 (3). Brady's argument is not based on what actually occurred in his case but upon his speculation that, had the trial court sentenced him correctly, it would have done so by merging Count 3 into Count 2. Even assuming, arguendo, that such speculation warrants a review of Brady's sentence, it presents no basis for reversal because, contrary to Brady's argument, nothing required the trial court to merge the two counts in the way he proposes.[1] Therefore, because this Court

---

[1] Both felony murder counts were predicated on the felony of aggravated assault, OCGA § 16-5-21, differing only as to the subsection. See, as to Count 2, id. at (a) (1) (assault is aggravated when committed with "intent to murder, to rape, or to rob"); as to Count 3, id. at (a) (2) (assault is aggravated when committed with a deadly weapon or any object that "when used offensively against a person, is likely to or actually does result in serious bodily injury"). Thus,

did not err in the manner in which we resolved Brady's conviction and sentence, he cannot show that there exists an illegality in his life sentence for unlawfully causing the victim's death while engaged in the commission of the felony of aggravated assault by striking the victim on the head with a gun. It follows that the trial court properly denied Brady's motion.

*Judgment affirmed. All the Justices concur, except Sears, C. J., and Carley, J., who concur in the judgment only.*

DECIDED MARCH 31, 2008.

James G. Brady, *pro se.*

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney, Thurbert E. Baker, Attorney General, Amy E. Hawkins Morelli, Assistant Attorney General,* for appellee.

---

both predicate felonies were subject to equally serious punishment. Id. at (b). In light of the facts of this case, see *Brady v. State,* supra, 259 Ga. at 574-576, the predicate aggravated assault of the vacated count would have merged as a matter of fact into the extant count whether the trial court merged Count 2 into Count 3 or vice versa. See *Malcolm v. State,* supra, 263 Ga. at 372 (5). There was nothing under these circumstances that would have compelled the trial court to choose one count over the other.