A10A1050. THE STATE v. HOOD et al.

(706 SE2d 566)

ADAMS, Judge.

The underlying procedural history relevant to this appeal is undisputed.[1] On March 24, 2009, the Fulton County Grand Jury returned a multi-count indictment against twelve defendants;[2] Count 1 of the indictment charged the defendants with participating

---

[1] Although the facts here are undisputed, this Court's task was made more difficult by the dearth of citations in the State's original brief on appeal, making it necessary for this Court to search the record to find the pertinent motions and rulings. However, we would like to further note that our consideration of this appeal has been greatly aided by the State's brief in support of its motion for reconsideration as well as the amicus briefs filed by the DeKalb County District Attorney and Georgia Gang Investigators Association.

[2] The defendants named in the indictment were Marquez Deonte Hood, Slyricus Winder, Kendarious Glover, Undra Bradley, Charles Dunn, Anthony Maurice Johnson, Deyancious Lewis, Kenny Redding, Willie Wilson, Johntavious Bailey, Barry Dean Smith, and Rodriquez Wheeler.

in criminal street gang activity in violation of OCGA § 16-15-4[3] "for the said accused, . . . on and between January 1, 2007 and June 18, 2008 did unlawfully, while associated with a criminal street gang, known as 30 Deep participate in such criminal street gang activity [by committing certain predicate offenses]." The defendants filed general and special demurrers to the indictment,[4] with subsequent amendments, moving to quash Count 1. Defendants argued that, among other things, the indictment failed to allege when "30 Deep" became a criminal street gang as defined by OCGA § 16-15-3 (2) and failed to adequately give the offense date, which they asserted prevented them from presenting their defenses, including their contention that certain enumerated offenses occurred prior to the formation of "30 Deep" as a criminal street gang. The trial court held a hearing on defendants' motions and demurrers, during which the State opposed the demurrers.[5]

Following the hearing, the trial court granted the special demurrer as to Count 1 of the indictment and quashed that count, finding that the date the gang formed was a material element of the crime of participating in criminal street gang activity and that the State was required to, but had failed to, allege that the gang existed, even for a short period, prior to the commission of the enumerated offenses. The trial court further found that even if the indictment sufficiently alleged the gang's existence prior to the commission of the enumerated crimes, the indictment nevertheless did not comply with OCGA § 17-7-54 because the State had failed to respond to defendants' special demurrers by alleging a *specific date* on which the gang came into existence or existed prior to the alleged occurrence of the enumerated offenses and offered no evidence demonstrating that such a date could not be specifically identified. The State appeals.

As noted above, defendants in this case filed both general and special demurrers. A general demurrer challenging the sufficiency of the substance of the indictment is appropriate when the indictment is "fatally defective and incapable of supporting a conviction." (Punctuation omitted.) *State v. Delaby*, 298 Ga. App. 723, 724 (681 SE2d 645) (2009). See also *Bramblett v. State*, 239 Ga. 336, 337 (1) (236 SE2d 580) (1977). "The true test of the sufficiency of the indictment to withstand a general demurrer . . . is found in the

---

[3] The provisions of the Georgia Street Gang Terrorism and Prevention Act are contained at OCGA § 16-15-1 et seq.

[4] Although the record before us does not include all the demurrers that were apparently filed, it appears from the hearing transcript that all defendants either filed their own motions and demurrers or joined in the demurrers filed by other defendants.

[5] According to the trial court's order, the State did not file a written response to the motions and demurrers.

answer to the question: Can the defendant admit the charge as made and still be innocent? If he can, the indictment is fatally defective. [Cit.]" (Punctuation omitted.) *Adams v. State*, 293 Ga. App. 377, 381 (3) (667 SE2d 186) (2008).

"A special demurrer challenges the sufficiency of the form of the indictment. . . . [Cit.]" *Bramblett*, 239 Ga. at 337 (1). In that case, the defendant claims that the indictment is "imperfect as to form or that the accused is entitled to more information." (Punctuation omitted.) *Delaby*, 298 Ga. App. at 724. When technical defects in the indictment are timely raised,[6] "[t]he defendant is entitled . . . to have a perfect indictment in form as to the essential elements of time and place." (Punctuation omitted.) *Johnson v. State*, 233 Ga. App. 450, 450-451 (1) (504 SE2d 290) (1998). Indictments that do not allege a specific date on which the crime was committed are not perfect in form and are subject to a timely special demurrer. *Moore v. State*, 294 Ga. App. 570, 576 (2) (669 SE2d 498) (2008). "However, where the State can show that the evidence does not permit it to allege a specific date on which the offense occurred, the State is permitted to allege that the crime occurred between two particular dates." *State v. Layman*, 279 Ga. 340, 341 (613 SE2d 639) (2005). To that end, the State must be given the opportunity to present evidence concerning whether the offense dates are capable of being more specifically stated. *Moore*, 294 Ga. App. at 576-577 (2). But "[w]here the State [is] reasonably capable of narrowing the range of dates alleged in the indictment, it must do so." *Layman*, 279 Ga. at 341.

We review rulings on special demurrers de novo. *State v. Pittman*, 302 Ga. App. 531 (690 SE2d 661) (2010). Moreover, we do not conduct a harmless error analysis to determine if the accused has actually been prejudiced by the lack of a specific date in the indictment when we review an indictment before trial. *State v. Gamblin*, 251 Ga. App. 283, 284 (1) (553 SE2d 866) (2001). "[R]ather, we must apply the rule that a defendant who has timely filed a special demurrer is entitled to an indictment perfect in form and substance." *Delaby*, 298 Ga. App. at 724.

Against this backdrop, we turn to the issues presented here. The State enumerates two errors, contending that the trial court erred by requiring the indictment to allege that a criminal street gang existed prior to the commission date of any of the enumerated offenses and that it erred in requiring the indictment to allege a specific date on which the criminal street gang came into existence.

1. In this case, the indictment accused the defendants of partici-

---

[6] The trial court also noted in its order that the State did not challenge the timeliness of the demurrers.

pating in criminal street gang activity

> for the said accused, . . . on and between January 1, 2007 and June 18, 2008, did unlawfully, while associated with a criminal street gang, known as 30 Deep participate in such criminal street gang activity to wit: [specified enumerated offenses] as described in counts 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 of this indictment. . . .

Thus, the indictment substantially tracks the language of OCGA § 16-15-4 (a) and was sufficient to withstand a general demurrer.[7] *State v. Ramirez-Herrara*, 306 Ga. App. 878, 880 (2) (703 SE2d 429) (2010).

But relying on the Supreme Court case of *Rodriguez v. State*, 284 Ga. 803 (671 SE2d 497) (2009) the trial court found that the indictment failed to allege that the gang existed, even for a short period, prior to the alleged commission of the enumerated offenses, and concluded that the indictment was subject to demurrer on that basis alone. As is pertinent here, the Court in *Rodriguez* held that the Anti-Gang Act requires that (1) the defendant actively participated in an illicit street gang, which is defined in OCGA § 16-15-3 (2) as any group of three or more people associated in fact that "engages in criminal gang activity";[8] (2) the defendant committed at least one predicate act enumerated in OCGA § 16-15-3 (1); and (3) there is a nexus between defendant's commission of the predicate act and an intent to further the gang activity. *Rodriguez*, 284 Ga. at 806-807 (1).[9] The Court expounded on the definition of the word "engages" as found in OCGA § 16-15-3 (2), stating that "[a]lthough the 'criminal street gang' may have existed for a short time, its 'criminal gang activity' or plans for continuation of that activity must be ongoing at the time of the defendant's commission of an enumerated offense." Id. at 808-809 (2).

The State argues that this language in *Rodriguez* should not be

---

[7] The defendants argue in their briefs on appeal that because the State referenced OCGA § 16-15-4 without specifying a particular subsection, they must be prepared to defend against all the activities prohibited in that section, with the result that the indictment must also allege certain other dates. However, a clear reading of the indictment shows that defendants were charged only under subsection (a) of OCGA § 16-15-4, and we will confine our analysis accordingly.

[8] Pursuant to OCGA § 16-15-3 (1), "criminal gang activity" means the commission, attempted commission, or conspiracy to commit any enumerated offense, as well as the solicitation, coercion, or intimidation of another person to commit such offenses on or after July 1, 2006.

[9] As the amicus brief points out, the statute does not make it illegal to be a member or associate of a criminal street gang. *Rodriguez*, 284 Ga. at 810 (4) ("mere association" with a criminal street gang is insufficient).

read to require an allegation that the gang existed prior to the commission of the enumerated offenses and that the indictment here, taken as a whole, and "viewed in the context of the specific predicate acts alleged in Counts 2 through 16, dating from February 4, 2008 to June 18, 2008," was sufficient. We agree and find that the indictment here sufficiently alleged that the criminal street gang was in existence and ongoing at the time of the commission of the enumerated offenses. Moreover, we agree with the State that it was not necessary for the indictment also to contain a specific allegation that the gang existed prior to the commission of any of the enumerated offenses, or to include a specific enumerated offense that was committed prior to the commission of any of the enumerated offenses in this case.

2. That does not end our inquiry, however, because in this case the defendants also specially demurred, contending that the date the gang came into existence must be stated with more specificity, especially in light of their defense that the gang did not yet exist when at least some of the predicate offenses were committed. The trial court agreed and held that the indictment was also subject to demurrer on the basis that the State failed to allege a specific date on which the gang came into existence and failed to show why it was not reasonably capable of narrowing the range of dates set forth in the indictment. *Bollinger v. State*, 272 Ga. App. 688, 693 (3) (613 SE2d 209) (2005).

In this case a date certain was provided for each of the enumerated offenses. Moreover, as found in Division 1, the indictment sufficiently alleged that the gang was in existence and ongoing at the time the enumerated offenses were allegedly committed. Based upon these dates, the defendants have all the information they need to formulate a defense that the gang did not exist at the time of each enumerated offense. The trial court's order is accordingly reversed.

*Judgment reversed. Smith, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 15, 2010.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellant.

*Bobby D. Wilson, Monique R. Walker, Barbara L. Jennings, Andre M. Johnson, Rodney A. Williams, Cynthia Adams, Jonathan H. Fain, Maxwell Schardt, Jeffrey W. Frazier*, for appellees.

*Gwendolyn Keyes Fleming, District Attorney, Michael S. Carlson,*

*Deborah D. Wellborn, Assistant District Attorneys, John E. Floyd, Lee W. Shafer*, amici curiae.