S12A0594. WILLIAMS v. THE STATE.
(727 SE2d 95)

BENHAM, Justice.

Appellant Michael Eugene Williams fatally shot the victim Jone Cheung on May 30, 2009, during an attempted armed robbery of Cheung's restaurant. On August 18, 2009, appellant was indicted by a Richmond County grand jury for malice murder, felony murder, and possession of a firearm during the commission of a crime. In October 2010, appellant moved the trial court to declare OCGA § 16-5-1 (d) unconstitutional under several provisions of the federal constitution, including the Eighth and Fourteenth Amendments, as well as under the corresponding provisions of the Georgia Constitution due to the statute's allowing those convicted of murder to be sentenced to life in prison without the possibility of parole. The motion was denied. On January 4, 2011, appellant pled guilty to all crimes charged, and a sentencing hearing was held that same day. During the hearing, appellant proffered a social worker as an expert on trauma, and she testified that appellant experienced childhood trauma which was largely left untreated during his life and that this past trauma would have likely factored into appellant panicking during the robbery attempt and shooting the victim. The State also proffered appellant's prior juvenile record into evidence, and the trial court allowed family and friends of the victim to make statements. At the conclusion of the hearing, the trial court sentenced appellant to life without the possibility of parole for malice murder and five years consecutive for possession of a firearm during the commission of a crime.[1] For reasons set forth below, we affirm.

---

[1] The charge of felony murder was vacated as a matter of law. Appellant timely filed a notice of appeal on February 2, 2011. The case was docketed to this Court's January 2012 term for a decision to be made based on the briefs.

1. Prior to April 29, 2009, a person who was convicted of murder could either be sentenced to death or life in prison with the possibility of parole. Life sentences without the possibility of parole were only imposed in those cases in which the State sought the death penalty. *State v. Ingram*, 266 Ga. 324, 326 (467 SE2d 523) (1996); Daniel, Ga. Criminal Trial Practice § 26-42 (2011-2012 ed.). In 2009, the General Assembly passed Ga. L. 2009, p. 223, § 1 (or Senate Bill 13) which amended OCGA § 16-5-1 (d) to add the sentence of life in prison without the possibility of parole as one of the punishments for murder. The bill also repealed OCGA §§ 17-10-31.1 and 17-10-32.1, thereby removing requirements that a jury find an aggravating circumstance before imposing the sentence of life without parole (OCGA § 17-10-31.1) and removing the sentencing duties of a judge regarding a person who pled guilty to an offense for which the death penalty or life without parole could be imposed (OCGA § 17-10-32.1).[2] See Ga. L. 2009, p. 223, § 5. Appellant, who murdered the victim in May 2009 after the change to OCGA § 16-5-1 became effective, contends that OCGA § 16-5-1 (d) in its current form is unconstitutional as applied to him under the Fourteenth Amendment of the federal constitution and the corresponding provisions of Georgia's constitution because the statute provides no mechanism or guidance for the imposition of the sentence or for the provision of mitigating evidence and, as such, may be applied arbitrarily and capriciously in violation of the tenets of due process. We disagree.

> Traditionally, it is the task of the legislature, not the courts, to define crimes and set the range of sentences. [Cits.] The legislature's choice of sentence is insulated from judicial review unless it is wholly irrational or so grossly disproportionate to the severity of the crime that it constitutes cruel and unusual punishment. [Cit.]

*Isom v. State*, 261 Ga. 596 (1) (408 SE2d 701) (1991). See also *Ortiz v. State*, 266 Ga. 752 (2) (a) (470 SE2d 874) (1996) (quoting *Isom*, supra). The Supreme Court of the United States has determined that, outside

---

[2] Pursuant to OCGA § 17-10-32.1, defendants who enter a guilty plea after indictment for an offense for which the death penalty or life without parole may be imposed, may be sentenced to life imprisonment, id. at (a); however, where the State has filed a notice of intent to seek the death penalty and a statutory aggravating circumstance exists, the judge may sentence a defendant to death or life without parole. Id. at (b).
*State v. Ingram*, supra, 266 Ga. at 326.

the context of a death penalty case, there is no constitutional requirement for an individualized determination that a criminal punishment is appropriate. *Harmelin v. Michigan*, 501 U. S. 957, 966, 995 (111 SC 2680, 115 LE2d 836) (1991) (affirming drug defendant's mandatory sentence of life in prison without parole). Georgia courts have taken a similar position: "Unlike the decision to impose the death penalty, a determination that a defendant should be sentenced to life imprisonment without possibility of parole does not require a consideration of mitigating factors." *Ortiz v. State*, supra, 266 Ga. at 753. Here, despite the fact that no individual determination was required for the purposes of sentencing appellant in a non-death penalty case, the trial court nevertheless allowed appellant to submit mitigating evidence at his sentencing hearing. Therefore, the argument that appellant's sentencing lacked the trappings of constitutional due process, under either the state or federal constitutions, is unavailing. The trial court did not violate appellant's due process rights by sentencing him to life without parole.

2. Appellant also contends that the sentence he received pursuant to OCGA § 16-5-1 (d) constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments because he had just turned 20 years old when he committed the crime. This contention is without merit. There is no state or federal constitutional prohibition against sentencing an adult, albeit a young adult, to a term of life in prison without parole for the commission of a homicide. While the Supreme Court of the United States has recently held that juvenile offenders cannot be sentenced to life without parole for the commission of non-homicide crimes, *Graham v. Florida*, 560 U. S. 48 (130 SC 2011, 176 LE2d 825) (2010), that rule does not apply in this case because appellant was over the age of 18 when he committed the crime and because he committed a homicide. Indeed, this Court has determined that *Graham* is inapplicable when the defendant is an adult. *Gandy v. State*, 290 Ga. 166, 172 (718 SE2d 287) (2011) (sentencing a 20-year-old to life in prison with mandatory service of at least 30 years before eligibility for parole does not constitute cruel and unusual punishment). There is also no objective evidence that Georgians, as a matter of state constitutional law, consider a sentence of life without parole to be cruel and unusual punishment when applied to an adult defendant who commits a homicide. See *Fleming v. Zant*, 259 Ga. 687 (3) (386 SE2d 339) (1989). Compare *Humphrey v. Wilson*, 282 Ga. 520, 527-528 (652 SE2d 501) (2007) (where legislature acted to change the punishment for the crime at issue, the former punishment was deemed to be cruel and unusual). Accordingly, this enumerated error cannot be sustained.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 24, 2012.

*Joshua B. Smith*, for appellant.

*R. Ashley Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Brittany N. Jones, Assistant Attorney General*, for appellee.