S12A1852. BLAKE v. THE STATE.
(739 SE2d 319)

HUNSTEIN, Chief Justice.

Appellant Derrick Ashley Blake was convicted of felony murder and related charges in connection with the December 2008 shooting death of Marion Turner. Blake appeals the denial of his motion for new trial, asserting error in the trial court's instructions to the jury and in his sentence. Although we find no error in Blake's convictions, which we affirm, we do find error in his sentence, which we now vacate.[1]

1. Viewed in the light most favorable to the jury's verdict, the evidence adduced at trial established as follows. On December 23, 2008, Blake went to a bar called The Spot and approached Turner about purchasing some marijuana. When Blake received his purchase, he believed Turner had "shorted" him, informed Turner of this, and left the bar to retrieve his scale. Blake returned to the bar with

---

[1] Blake was indicted in Clayton County in May 2009 on charges of malice murder, two counts of felony murder, aggravated assault, possession of a firearm during commission of a crime, and possession of a firearm by a convicted felon. Following a jury trial held in October 2010, Blake was acquitted on the malice murder charge but convicted on all other counts. He was sentenced to two concurrent life terms without the possibility of parole on the felony murder counts and a consecutive five-year term on one of the firearm possession counts. The remaining counts were merged for sentencing purposes. Blake's motion for new trial, as amended, was heard on March 20, 2012 and was denied on March 28, 2012. Blake filed his notice of appeal on April 11, 2012. This case was docketed to the September 2012 term of this Court and was thereafter submitted for decision on the briefs.

his scale, Turner added some marijuana to the bag, and Blake again left. Blake soon reentered the bar and threw the bag of marijuana on a pool table near where Turner and three of his friends were standing, claiming that the quantity was still insufficient and asking for his money back. Turner refused, saying words to the effect that if Blake wanted his money back, he should "get [his] pistol." Blake pulled out a gun, removed the safety and cocked it, and fired two shots, striking Turner in the back and the arm. Turner fell to the ground. Blake stepped over him and exited the bar. The shot to Turner's back was fatal.

Several eyewitnesses identified Blake as the shooter, and Blake does not dispute this fact. Blake testified at trial that he shot Turner only after Turner flashed a gun at him during their argument. However, no gun was recovered from Turner's body or the crime scene, and a surveillance video that captured part of the altercation showed no gun visible on Turner's person in the moments before the shooting. Turner's three companions all testified that Turner was not armed at the time of the shooting. Construed most favorably to the verdict, the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Blake was guilty of the crimes of which he was convicted and was not acting in self-defense. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also *Allen v. State*, 290 Ga. 743 (1) (723 SE2d 684) (2012).

2. Blake contends that the trial court erred by failing to instruct the jury expressly that justification may serve as a defense to all crimes, including possession of a firearm by a convicted felon. See *Smith v. State*, 257 Ga. 468 (3) (360 SE2d 591) (1987). Blake failed to object at trial to the court's initial instruction in this regard and likewise failed to object to the court's recharge in response to a jury question on this specific issue. Thus, he failed to preserve this objection for appellate review and is entitled to reversal only if the jury instruction constituted "plain error." OCGA § 17-8-58 (b); *State v. Kelly*, 290 Ga. 29 (1) (718 SE2d 232) (2011). Plain error will be found only if the jury instruction was erroneous; the error was obvious; the instruction likely affected the outcome of the proceedings; and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 29 (1).

Here, we find no error in the court's instructions regarding justification, which were given as part of the court's general charge, prior to its delineation of the specific counts in the indictment, and which tracked the language of the pattern charge. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2007), §§ 3.10.10, 3.10.12, 3.10.13. During deliberations, the jury sent a note to the trial court asking "if [Blake] is found not guilty due to self defense, can he

be charged with any of the other charges?" The trial court responded that "you are to apply the law that I gave you in the charge to each count of the indictment . . . and you're to consider each count separately." This being an accurate statement of the law, we find no error, much less any plain error, and thus this enumeration is without merit.

3. Blake next contends that the trial court erred in refusing his request to give a jury charge on voluntary manslaughter. Blake did properly preserve this issue for appeal by restating his objection after the court gave its instructions. See OCGA § 17-8-58 (a). When instructing the jury in a murder case, a trial court is required to grant the defendant's request for a charge on the lesser included offense of voluntary manslaughter if there is any evidence, however slight, to support such a charge. *Gillespie v. State*, 236 Ga. 845 (225 SE2d 296) (1976). Whether such slight evidence exists is a question of law. Id. The crime of voluntary manslaughter is committed when one kills "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2 (a). "The distinguishing characteristic between voluntary manslaughter and justifiable homicide is whether the accused was so influenced and excited that he reacted passionately rather than simply to defend himself." *Woody v. State*, 262 Ga. 327, 328 (2) (418 SE2d 35) (1992).

Accordingly, the question here is whether there was slight evidence that Blake shot Turner as the result of a provocation that triggered in Blake some "irresistible passion." Blake testified unequivocally that he shot Turner in self-defense, out of fear for his life. He testified that during the incident he was not upset and never became hostile; that he asked Turner for his money back in a "simple, respectful manner"; and that, once the dispute began, he "wanted to just leave." Though Blake also testified that he believed Turner was drawing a gun and that he was intimidated by the presence of Turner's three friends, whom he suspected might also be armed, there is no evidence that this fear, whether reasonable or not, rose to the level of "irresistible passion" necessary to support a charge on voluntary manslaughter. See *Bell v. State*, 280 Ga. 562 (5) (a) (629 SE2d 213) (2006) (defendant's fear of attack by victim bore no hallmarks of passion necessary to support charge on voluntary manslaughter); *Worthem v. State*, 270 Ga. 469 (2) (509 SE2d 922) (1999) (voluntary manslaughter charge not warranted where evidence supported defendant's own statement that he was not angered or impassioned at time of killing); *Howard v. State*, 258 Ga. 597 (372 SE2d 813) (1988) (defendant's belief that victim was reaching for weapon during confrontation did not constitute evidence of passion or provocation

necessary to support voluntary manslaughter charge). Cf. *Webb v. State*, 284 Ga. 122 (4) (663 SE2d 690) (2008) (trial court should have charged on voluntary manslaughter where victim and defendant engaged in verbal and physical altercation and defendant admitted to police that he had "overreacted" to situation). In short, because there was no evidence whatsoever of any passion on Blake's part, the trial court did not err in refusing to give the requested instruction.

4. In his final enumeration, Blake challenges his sentence, asserting that he was not eligible for life imprisonment without the possibility of parole. The State concedes this point, and we agree. Blake's crimes were committed in December 2008, prior to the effective date of the amendment to our murder sentencing statute, see Ga. L. 2009, p. 223, §§ 1, 8, 10, which added life without parole as an available sentence in all murder cases. See *Williams v. State*, 291 Ga. 19 (1) (727 SE2d 95) (2012) (prior to April 29, 2009, life without parole was available only in cases in which State sought death penalty). Though the record reflects that Blake was eligible for recidivist treatment due to two previous drug-related felonies, such prior offenses were not a sufficient basis for a recidivist sentence of life without parole. See OCGA § 17-10-7 (b), (c) (2008) (providing for life without parole only where defendant has previously been convicted of three or more felonies or one or more "serious violent felon[ies]"); OCGA § 17-10-6.1 (c) (1) (2008) (defendant sentenced to life imprisonment for first conviction of "serious violent felony" may be eligible for parole only after serving a minimum of 30 years). In addition, because there was only a single victim, the trial court also erred in sentencing Blake on both felony murder convictions. See *Brady v. State*, 283 Ga. 359 (659 SE2d 368) (2008). Due to these errors, we vacate Blake's sentence in its entirety and remand to the trial court for resentencing.

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. All the Justices concur.*

DECIDED MARCH 4, 2013.

*Thomas S. Robinson III*, for appellant.

*Tracy Graham-Lawson, District Attorney, Elizabeth A. Baker, Luana P. Nolin, Sheryl D. Freeman, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.