**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 30, 2021**

# In the Court of Appeals of Georgia

A21A0159. FRADY v. THE STATE.

McFADDEN, Chief Judge.

Timothy Frady appeals from his convictions for sexual offenses committed against his stepdaughter. He claims that the trial court erred in allowing evidence of prior acts of child molestation of which he was acquitted. But the fact of acquittal did not necessarily render the prior acts evidence inadmissible. Frady also claims that the court erred in limiting his closing argument. But the court did not err in prohibiting argument that was not based on evidence in the case. Frady also claims that the court gave an inappropriate jury charge. But there has been no showing of plain error in the jury charge based on an objection not raised below. So we affirm the convictions.

1. *Facts and procedural posture.*

Viewed in the light most favorable to the verdict, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that Frady molested his minor stepdaughter, including engaging in sexual intercourse with her. When the child was 13 years old, she disclosed the abuse to a friend and the police were called. An officer who responded to the call spoke to the victim, who told the officer about the sexual abuse by Frady.

The state charged Frady by indictment with rape, incest, and two counts of child molestation. Frady pled not guilty to the charges and was tried before a jury, which found him guilty of all counts. The trial court ruled that one of the child molestation charges merged with the rape and imposed a life sentence for rape, a concurrent 26-year sentence for incest, and a concurrent 20-year sentence for the other child molestation offenses. Frady moved for a new trial, which the trial court denied. This appeal followed.

2. *Other acts of child molestation.*

Prior to trial, the state filed notice of its intent to present evidence of prior acts of child molestation of which Frady had been acquitted. After a hearing, the trial court ruled that such evidence was admissible even though Frady had been acquitted, finding that the probative value of the evidence outweighed any danger of unfair

2

prejudice. See OCGA § 24-4-403. Thereafter, Frady's adult daughter from a prior marriage was allowed to testify at trial that Frady had molested her when she was a minor child by, among other things, touching her breasts, touching her vagina, and masturbating in front of her. She further testified that she had disclosed the abuse when she was 13 years old and that Frady was subsequently tried before a jury, but that he was not convicted.

Frady argues that the trial court erred in allowing this testimony because he was acquitted of the prior acts of child molestation. But it is well settled that an acquittal of similar charges does not preclude admission of evidence of said charges under our rules of evidence. See *Ward v. State*, 351 Ga. App. 490, 499 (2) n. 18 (831 SE2d 199) (2019); *Hamlett v. State*, 350 Ga. App. 93, 100 (2) (828 SE2d 132) (2019).

> Indeed, a prior acquittal of a criminal charge will not necessarily preclude admission of [such] other act evidence. . . . [A] trial court need not make a preliminary finding that the alleged prior similar conduct in fact occurred before admitting it into evidence. Instead, a trial court's decision to admit other act evidence will be affirmed if a jury could find by a preponderance of the evidence that the defendant committed the act.

*Dixon v. State*, 341 Ga. App. 255, 259 (1) (a) (800 SE2d 11) (2017) (citations and punctuation omitted).

In this case, the jury could have found by a preponderance of the evidence that Frady committed the prior acts of child molestation. So the prior acts evidence was admissible under OCGA § 24-4-414 (a), which provides: "In a criminal proceeding in which the accused is accused of an offense of child molestation, evidence of the accused's commission of another offense of child molestation shall be admissible and may be considered for its bearing on any matter to which it is relevant." See *Dixon*, supra at 258 (1) (OCGA § 24-4-414 (a) "create[s] a rule of inclusion, with a strong presumption in favor of admissibility. . . . Thus, the [s]tate can seek to admit evidence under [this provision] for any relevant purpose, including propensity.") (citations and punctuation omitted). As there has been no showing that the trial court improperly found that the probative value of the evidence outweighed the danger of unfair prejudice, we hold that "the trial court did not abuse its discretion in admitting the [other acts of child molestation] evidence on this ground." *Edwards v. State*, ___ Ga. App. ___ (3) (850 SE2d 797) (2020).

3. *Closing argument.*

During closing argument, counsel for Frady mentioned a prior unrelated case from another state involving false allegations of sexual abuse and then started to discuss the term "evolved memories." The state objected on the ground that there had

4

been no evidence presented on such a psychiatric term, and the court sustained the objection. Frady claims that the trial court's ruling erroneously limited his closing argument. We disagree.

> Closing argument must be derived from evidence properly before the factfinder, and prosecutors and defense counsel are permitted wide latitude in their closing arguments. Indeed, the permissible scope of argument is vast: counsel may draw from the evidence properly before the factfinder any inference apparently reasonable and legitimate. But while the range of discussion during closing argument is wide, counsel should not go outside the facts appearing in the case and lug in extraneous matters as if they were a part of the case.

*Lewis v. State*, 317 Ga. App. 218, 222 (3) (735 SE2d 1) (2012) (citations and punctuation omitted). Here, the trial court did not err in sustaining an objection to defense counsel's attempt to discuss an extraneous matter which was not based on evidence in the case. See *Conner v. State*, 251 Ga. 113, 123 (6) (303 SE2d 266) (1983) ("What the law condemns is the injection into the argument of extrinsic and prejudicial matters which have no basis in the evidence.") (citation and punctuation omitted).

4. *Jury charge.*

Frady contends that the court's jury charge on the offense of rape improperly reduced the burden of proof for the element of force. But he did not raise this

objection to the charge in the trial court. While the record shows that Frady objected at the charge conference that the charge was not the pattern jury instruction and that he renewed that objection after the jury instructions, he never specified as a ground for objection that the charge reduced the burden of proof for the element of force. Because Frady failed to inform the trial court of the specific ground for objection now raised on appeal, our review "is limited to plain error, which results in reversal only if the jury instruction was erroneous; the error was obvious; the instruction likely affected the outcome of the proceedings; and the error seriously affects the failure, integrity, or public reputation of judicial proceedings." *Lee v. State*, 347 Ga. App. 508, 511 (2) (820 SE2d 147) (2018). See OCGA § 17-8-58.

Frady quotes the following jury instruction given by the court regarding the offense of rape:

> A person commits the offense of rape when he has carnal knowledge of a female forcibly and against her will. Carnal knowledge in rape occurs when there is any penetration of the female sex organ by the male sex organ. The law of Georgia provides that a person under the age of 16 is legally incapable of giving consent to sexual intercourse. This means such act would be against the will of the victim. The [s]tate must also prove the element of force beyond a reasonable doubt. Force may consist of acts of physical force, threats of harm, or intimidation. *The level of force necessary to support a conviction need only be minimal when the victim was under the age of 16, the age of consent. Lack of resistance induced by fear is force.* Penetration, however slight, is

6

sufficient to satisfy the penetration element of rape. It is not necessary that the vagina be entered, but an entering of the anterior of the organ known as the vulva or labia is sufficient.

As shown in Frady's brief, most of this charge consisted of the pattern jury instruction on rape, which Frady has not contested. Frady also has not challenged the latter portion of the charge regarding the element of penetration, so we presume that his enumerated error concerns the language highlighted above.

But as pointed out by the state, this language accurately states the law involving victims older than ten, but under the age of consent. See *Oates v. State*, 355 Ga. App. 301, 303 (1) (844 SE2d 239) (2020) ("Although the victim's age of 13 does not establish the required element of force, the [s]tate was required to present only minimal evidence of force because the victim was under the age of consent. In such a case, intimidation may substitute for force. Further, force may be proved by direct or circumstantial evidence. Lack of resistance, induced by fear, is force, and may be shown by the victim's state of mind from her prior experience with the defendant and subjective apprehension of danger from him.") (citation and punctuation omitted); *Ponder v. State*, 332 Ga. App. 576, 581 (1) (b) (774 SE2d 152) (2015) (same). See also *State v. Collins*, 270 Ga. 42, 44-45 (508 SE2d 390) (1998) ("[T]he quantum of evidence to prove force against a child is minimal. . . . Physical force is not required.

7

Intimidation may substitute for force. The element of force is shown if the defendant's words or acts were sufficient to instill in the victim a reasonable apprehension of bodily harm, violence, or other dangerous consequences to herself or others.") (citations and punctuation omitted).

Moreover, a review of the instructions as a whole reveals that the trial court fully and accurately instructed the jury on the state's burden to prove each element of the crimes charged beyond a reasonable doubt, including a specific charge that the state must prove the element of force beyond a reasonable doubt. See *Lauderback v. State*, 320 Ga. App. 649, 653 (4) (b) (740 SE2d 377) (2013) ("jury instructions must be read and considered as a whole in determining whether the charge contained error"). Since the trial court's "instructions as a whole properly [informed the jury of the burden of proof as to the element of force, Frady] cannot establish reversible error, plain or otherwise." *Lee*, supra at 512 (2) (a) (citation and punctuation omitted).

*Judgment affirmed. Rickman, P. J., and Senior Appellate Judge Herbert E. Phipps concur*.